J-S50011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TOLA ROSS | |
| Appellant | No. 89 EDA 2014 |

Appeal from the PCRA Order December 3, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0806531-2004

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 22, 2015**

Appellant, Tola Ross, appeals[1] *pro se* from the order entered December 3, 2013, in the Court of Common Pleas of Philadelphia County, which dismissed as untimely his second petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. We vacate and remand.

As we write exclusively for the parties, who are familiar with the factual context and legal history of this case, we set forth only so much of the facts and procedural history as is necessary to our analysis.

_____

[1] The PCRA court docketed Ross's notice of appeal on January 6, 2014. Although the thirtieth day for appeal purposes was January 2, the appeal is nonetheless timely. Ross, who is incarcerated, mailed it on December 27. "Pursuant to the prisoner mailbox rule, we deem a document filed on the day it is placed in the hands of prison authorities for mailing." ***Commonwealth v. Patterson***, 931 A.2d 710, 714 (Pa. Super. 2007) (citation omitted).

Ross and an accomplice committed arson by burning down a residence that resulted in the death of Thiayanna Son. Ross committed the crime at the behest of his father—who rewarded him with a car, a pat on the back, and $100. Ross pled guilty to several crimes stemming from the incident and is currently serving a lengthy prison sentence.

The parties and the PCRA court agree that Ross filed his second PCRA petition untimely. The PCRA court denied the petition without a hearing, finding that it "does not allege an exception to the time bar of 42 Pa.C.S.A. § 9545." PCRA Court Opinion, 6/20/14, at 5.

"The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." **Commonwealth v. Flanagan**, 854 A.2d 489, 509 (Pa. 2004) (citations omitted). As Ross's second PCRA petition was not timely filed, "the courts have no jurisdiction to grant [him] relief unless he can plead and prove that one of the exceptions to the time bar provided in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies." **Commonwealth v. Pursell**, 749 A.2d 911, 914-915 (Pa. 2000). **See also Commonwealth v. Wilson**, 824 A.2d 331, 335 (Pa. Super. 2003) (*en banc*) ("Since Appellant's PCRA petition is untimely, our review focuses on whether Appellant has pled and proven that one of the three limited exceptions to the timeliness requirements of the PCRA apply.").

Ross's merits brief advances three claims, **see** Appellant's Brief, at 4, only *one* of which he raised in his second PCRA petition. That is the only

claim we will consider; we find the other two issues waived. ***See*** Pa.R.Crim.P. 902(B) ("Failure to state … a ground [for relief] in the [PCRA] petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief."); ***Commonwealth v. Rainey***, 928 A.2d 215, 226 (Pa. 2007) (noting that issues not raised in a PCRA petition are waived and cannot be considered for the first time on appeal).

The preserved claim is one of prior PCRA counsel's abandonment. Specifically, that his prior PCRA counsel failed to timely inform him that this Court denied relief under the PCRA on January 20, 2012, thus denying him the opportunity to seek allowance of appeal in the Pennsylvania Supreme Court.

In support of his claim, Ross cites ***Commonwealth v. Bennett***, 930 A.2d 1264 (Pa. 2007). There, counsel failed to file an appellate brief in this Court on appeal from the denial of Bennett's first PCRA, resulting in the dismissal of the appeal. Our Supreme Court determined that counsel's failure constituted abandonment and could serve as a newly discovered fact pursuant to § 9545(b)(1)(ii), the newly discovered facts exception to the time-bar.

In ***Commonwealth v. Williamson***, 21 A.3d 236 (Pa. Super. 2011), a panel of this Court extended ***Bennett*** to include counsel's failure to timely file a petition for allowance of appeal with the Supreme Court. There, this

Court affirmed the dismissal of Williamson's first PCRA petition and counsel failed to file a petition for allowance of appeal, thus denying him review of this Court's order. The panel stated that "counsel's failure to file a timely petition for allowance of appeal could be considered a newly-discovered fact for purposes of section 9545(b)(1)(ii)." *Id*., at 242. "Indeed," the panel noted, "a petitioner is entitled to counsel throughout the collateral proceedings, including the appellate process, which includes the filing of a petition for allowance of appeal to the Supreme Court." *Id*. (citations omitted). The panel cautioned, however, that a petitioner invoking this time-bar exception "must still comply with section 9545(b)(2) by presenting the claim within 60 days of discovering the new fact." *Id*. (citation omitted).

Neither the parties nor the PCRA court cite *Williamson*. It is plainly applicable. Ross alleges that counsel's abandonment denied him of his ability to seek review of this Court's order affirming the denial his first PCRA petition. He has thus met the pleading requirement. However, our inquiry does not end here. We must first determine whether Ross complied with § 9545(b)(2).

"Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "In order to be entitled to the exceptions to the PCRA's one-year filing deadline, the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame

under section 9545(b)(2)." ***Commonwealth v. Hernandez***, 79 A.3d 649, 652 (Pa. Super. 2013) (citation and internal quotation marks omitted). ***See also*** Thomas M. Place, *The Post Conviction Relief Act: Practice and Procedure* (2010 ed.), p. 87 ("The defendant must include the precise date in his or her petition of when he or she learned of the after-discovered evidence to allow the court to determine whether the exception has been timely invoked.").

Ross pleads in his petition that he learned of this Court's decision affirming the denial of his first petition, filed on January 20, 2012, ***see Commonwealth v. Ross***, 2716 EDA 2010 (Pa. Super. 2012) (unpublished memorandum), on May 30, 2012. ***See*** PCRA Petition, filed 6/15/12, at 3. Attached to his brief is a letter from this Court's Prothonotary, dated May 24, 2012, which enclosed a copy of the docket and the panel's decision. Ross then filed his PCRA petition on June 15, 2012, well within the 60 day timeframe of § 9545(b)(2). Thus, Ross has complied with § 9545(b)(2).

Ross's allegations are within the purview of § 9545(b)(1)(ii), but he still must prove that he meets the requirements of that section. "Under subsection (b)(1)(ii), he must also prove that the facts were 'unknown' to him and that he could not uncover them with the exercise of 'due diligence.'" ***Bennett***, 930 A.2d at 1274. "[D]ue diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may

support a claim for collateral relief." ***Commonwealth v. Burton***, \_\_\_ A.3d \_\_\_, \_\_\_, 2015 WL 5076284, \*6 (Pa. Super., filed August 25, 2015) (*en banc*) (citations omitted).

This determination requires us to remand for the PCRA court to conduct an evidentiary hearing where it will act as the factfinder to "determine whether Appellant met the 'proof' requirement under 42 Pa.C.S. § 9545(b)(1)(ii)." ***Bennett***, 930 A.2d at 1274.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/22/2015