J-S07006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN E. KLINE, | |
| Appellant | No. 503 MDA 2015 |

Appeal from the PCRA Order February 24, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s):
CP-14-CR-0000909-2004
CP-14-CR-0000910-2004
CP-14-CR-0001109-2004
CP-14-CR-0001110-2004
CP-14-CR-0001111-2004

BEFORE:  BOWES, OTT, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 16, 2016**

Steven E. Kline appeals from the February 25, 2015 order denying his request for reinstatement of his appellate rights from the denial of a first, timely PCRA petition.  We affirm.

In the five criminal actions involved in this appeal, Appellant was charged with multiple counts of involuntary deviate sexual intercourse, indecent assault, statutory sexual assault, statutory rape, corruption of a minor, and endangering the welfare of a child.  The charges involved

_____
* Former Justice specially assigned to the Superior Court.

Appellant's sexual abuse of his two stepdaughters for nearly a decade. Both victims testified at trial that Appellant, from 1989 to 1998, repeatedly sexually abused them and told them that they would go to jail and their mother would not love them anymore if they reported the abuse. Appellant admitted to engaging in sexual relations with one of his stepdaughters and to sexual contact with the other victim. A jury convicted Appellant of all charged offenses, and he was sentenced on December 15, 2005 to twenty-nine and one-half to fifty-nine years in jail. On appeal, we affirmed. **Commonwealth v. Kline**, 931 A.2d 47 (Pa.Super. 2007) (unpublished memorandum). Our Supreme Court denied allowance of appeal on December 3, 2007. **Commonwealth v. Kline**, 937 A.2d 444 (Pa. 2007).

On September 23, 2008, Appellant filed a timely PCRA petition. The PCRA court appointed Kelley Gillette-Walker, Esquire, as counsel, and she filed an amended PCRA petition. After an October 27, 2009 evidentiary hearing, Ms. Gillette-Walker filed a petition to withdraw, and, on April 27, 2010, that petition was granted. Karen G. Muir, Esquire, was appointed as successor PCRA counsel.

On May 13, 2011, the court denied Appellant's September 23, 2008 PCRA petition. Appellant was informed of this denial by Ms. Muir on May 25, 2011, and she asked Appellant to get in contact with her if he wanted to appeal the denial. PCRA Petition, *Nunc Pro Tunc*, for the Reinstatement of Defendant's PCRA (*Pro Se*), 12/8/14, at ¶ 11; **Id**. at Exhibit A. No appeal

was filed from the May 13, 2011 denial of PCRA relief. Three and one-half years later, on December 8, 2014, Appellant filed a *pro se* petition seeking reinstatement of his appellate rights *nunc pro tunc* from the May 13, 2011 order. In that petition, Appellant invoked the newly discovered facts exception to the one-year filing requirement for PCRA petitions. He averred that he had asked Ms. Muir to file an appeal, she abandoned him by failing to do so, and he did not discover that an appeal was not filed until November 10, 2014. By order dated February 24, 2015, the PCRA court denied relief, and this appeal followed. Appellant raises these contentions on appeal:

1. Did the trial court err in dismissing Defendant/Appellant's PCRA, and without a hearing or opinion, despite his Petition containing an exception to the timing requirements for filing as specified in 42 Pa.C.S. § 9545?

2. Did the trial court err by not appointing new counsel prior to denying the Petition, as Defendant/Appellant was claiming the ineffective assistance of prior (first) PCRA counsel's abandonment during a crucial phase of the PCRA Proceedings?

3. Was court-appointed PCRA counsel, Attorney Karen G. Muir, ineffective for failing to communicate with her client following her appointment, for failing to offer additional fact-witnesses at an Evidentiary Hearing, and for failing to advance Defendant/Appellant's PCRA dismissal on appeal to the Superior Court of Pennsylvania following Defendant/Appellant's timely request that she do so?

Appellant's brief at 1.

Initially, we note that our "standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." ***Commonwealth v. Smith***, 121 A.3d 1049, 1052 (Pa.Super. 2015). We next observe that any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). The PCRA's time restrictions are jurisdictional in nature, and when a PCRA petition is untimely, the courts lack jurisdiction. ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006). Accordingly, we first examine whether the present, December 8, 2014 PCRA petition was timely filed, and to do so, we must determine when Appellant's judgment of sentence became final.

"A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). In this case, Appellant's sentence became final on March 2, 2008, ninety days after our Supreme Court denied review of our affirmance of Appellant's judgment of sentence. ***See Commonwealth v. Smith***, 35 A.3d 766 (Pa.Super. 2011). Thus, Appellant had until March 2, 2009, to file a timely PCRA petition, and his December 8, 2014 petition is patently untimely.

There are three exceptions to the one-year time bar of § 9545:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii).  "Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Appellant's first contention is that the PCRA court erred in rejecting his invocation of the second exception, and he relies upon our Supreme Court's decision in *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007).  The second exception has two aspects: 1) the "facts upon which the claim is predicated were unknown" to the defendant; and 2) those facts "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545 (b)(1)(ii).

In *Bennett*, the PCRA petitioner's appeal from the denial of a timely PCRA petition was dismissed due to counsel's failure to file a brief.  Bennett then filed a *pro se* PCRA petition asking that his appellate rights from the

PCRA denial be reinstated. While that petition was filed more than sixty days after the appeal had been dismissed, Bennett claimed that he was unaware that the appeal was dismissed and recently discovered that fact. Our Supreme Court held that counsel's failure to file a brief constituted abandonment and abandonment can be considered a newly discovered fact under 42 Pa.C.S. § 9545(b)(1)(ii). Our High Court remanded for a determination of whether Bennett had exercised due diligence in ascertaining that his appeal was dismissed due to counsel's failure to file a brief. Where a PCRA petitioner does not exercise due diligence in discovering the status of an appeal from a timely PCRA petition, a PCRA petition seeking reinstatement of appellate rights from the denial of that petition will not be considered timely. ***See Commonwealth v. Williamson***, 21 A.3d 236 (Pa.Super. 2011).

Herein, Appellant claims that he told Ms. Muir to file an appeal after he received the May 25, 2011 correspondence from her informing him that his timely PCRA petition was denied. Appellant also avers that he continually asked her about the status of his appeal, but received no response. Finally, Appellant asserts that he did not discover that an appeal was not filed until November 10, 2014, when he obtained a copy of his criminal docket. PCRA Petition, *Nunc Pro Tunc*, for the Reinstatement of Defendant's PCRA (*Pro Se*), 12/8/14, at ¶ 19.

We conclude that Appellant did not exercise due diligence in discovering that an appeal was not filed. Despite receiving no responses to his voluminous correspondence and no copy of a brief from Ms. Muir for over three years, Appellant made no effort to ascertain from the court whether an appeal had been processed. Appellant offers no reason for failing to obtain a copy of his criminal docket sheet for three and one-half years in the face of counsel's unresponsiveness to his inquiries.

Moreover, Appellant admitted that, on July 24, 2014, Ms. Muir sent him a letter in which she stated that she did not believe that the court would grant Appellant reinstatement of his appellate rights from the May 13, 2011 denial of PCRA relief and that she believed that Appellant had no avenue of relief from his judgment of sentence. *Id*. at Exhibit C. This letter proves that Appellant knew prior to July 24, 2014, that an appeal had not been filed. July 24, 2014 is more than sixty days before December 8, 2014, when Appellant sought reinstatement of his appellate rights. Hence, the PCRA petition was untimely filed, and the PCRA court correctly refused to grant Appellant an appeal *nunc pro tunc* from the May 13, 2011 order denying PCRA relief.

Appellant's second contention is that the PCRA court should have appointed counsel for purposes of his second PCRA. We have held that a PCRA petitioner is not entitled to appointed counsel for purposes of litigating an untimely PCRA petition seeking reinstatement of his appellate rights from

the denial of a timely PCRA petition. ***Commonwealth v. Kubis***, 808 A.2d 196 (Pa.Super. 2002). Hence, we reject this contention.

Appellant's final position is that Ms. Muir was ineffective in various respects. It is well established that claims of ineffective assistance of counsel do not fall within the ambit of any exception to the one-year time bar of 9545(b)(1). ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785 (Pa. 2000) ("a claim for ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits"); ***see also Commonwealth v. Lark***, 746 A.2d 585 (Pa. 2000). Hence, Appellant's claims in this respect are untimely raised. The evidence supports the PCRA court's determination that the present PCRA petition was untimely, and its decision is free of legal error. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2016