J.S23043/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM P. D'AGOSTINO, | : | |
| | : | |
| Appellant | : | |
| | : | No. 2940 EDA 2015 |

Appeal from the PCRA Order September 9, 2015
in the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0004405-1998

BEFORE: PANELLA, OTT, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:            **FILED MARCH 04, 2016**

Appellant, William P. D'Agostino, appeals *pro se* from the dismissal of his fifth Post Conviction Relief Act[1] ("PCRA") petition. Appellant claims that his mandatory minimum sentence, which became final in May 2000, is illegal in light of **Alleyne v. United States**, 133 S. Ct. 2151 (2013), and that he timely filed the instant petition within sixty days of a previously unknown fact, *i.e.*, the decision in **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015). The PCRA court has ably addressed the issues regarding the timeliness of the instant PCRA petition. Therefore, we affirm on the basis of that court's opinion and need only reiterate that judicial decisions are not new facts for the purposes of establishing an exception to the PCRA time-bar

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

under 42 Pa.C.S. § 9545(b)(1)(ii).  ***See Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa. Super. 2013).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2016

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
PENNSYLVANIA
CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-46-CR-0004405-1998 |
| V. | : | |
| WILLIAM D'AGOSTINO | : | 2940 EDA 2015 |

## OPINION

**CARPENTER   J.**                                     **OCTOBER 30, 2015**

### FACTUAL AND PROCEDURAL HISTORY

Appellant, William D'Agostino, appeals from the final order of dismissal dated September 9, 2015, dismissing his untimely fifth petition seeking post-conviction relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541 - 9546. Specifically, this Court determined that Appellant failed qualify for the newly recognized constitutional right time-bar exception pursuant to Section 9545(b)(iii), as alleged in his PCRA petition because Alleyne v. U.S. does not retroactively apply to post-conviction proceedings. Therefore, this Court concluded that it lacked jurisdiction to reach the underlying merits of the claims raised therein.

By way of a brief background of this case, on February 16, 2000, Appellant entered into an open guilty plea to four counts of involuntary deviate sexual intercourse, related to sexual contact between 1992 and 1994 with a 14-

year-old victim. Appellant was subsequently sentenced on April 6, 2000, to a term of 10 to 20 years' imprisonment. A direct appeal was not filed.

On April 6, 2001, Appellant filed a timely *pro se* PCRA petition. Counsel was appointed, and at the conclusion of PCRA counsel's review a no merit letter was filed pursuant to the dictates of Tuner/Finley[1]. After proper pre-dismissal notice as set forth in Pa.R.Crim.P. 907, a final order of dismissal was issued on June 7, 2001. On May 21, 2002, our Superior Court affirmed the dismissal of Appellant's PCRA petition. Our Supreme Court denied Appellant's petition for allowance of appeal on November 27, 2002.

On November 7, 2005, Appellant filed an untimely second PCRA petition. Counsel was again appointed, and counsel determined that it was untimely and without merit. Pre-dismissal notice was provided, and thereafter a final notice of dismissal was entered on February 1, 2006. Appellant appealed to our Superior Court, and on September 11, 2006, our Superior Court affirmed the dismissal of Appellant's second PCRA petition.

On November 24, 2006, Appellant filed an untimely third PCRA petition. Pursuant to Pa.R.Crim.P. 907, a pre-dismissal notice was issued on December 14, 2006, which was followed by a final order of dismissal on January 4, 2007. Appellant appealed to our Superior Court and on July 29, 2007, and the dismissal of the third PCRA petition was upheld.

---

[1] Commonwealth v. Turner, 544 A.2d 927 (Pas. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

2

On May 11, 2012, Appellant filed an untimely fourth PCRA petition. Again, a pre-dismissal notice was issued on June 26, 2012. A final order of dismissal followed on July 16, 2012. Appellant did not appeal.

On August 14, 2015, Appellant filed a fifth PCRA petition, which is currently at issue in this appeal. Therein, Appellant asserted that his fifth PCRA petition was timely under the newly recognized constitutional right exception because Commonwealth v. Hopkins, 117 A.3d 247 (Pa. 2015), which was decided on June 15, 2015, held that the mandatory minimum statute that he was sentenced under, 42 Pa.C.S.A. §9718, to be unconstitutional in light of Alleyne. On August 19, 2015, a pre-dismissal notice was issued, giving Appellant notice of this Court's intention to dismiss his untimely serial PCRA petition because no timeliness exceptions applied, and specifically, under Commonwealth v. Riggle, 119 A.3d 1058 (Pa.Super. 2015), Alleyne has been held not to apply retroactively in the PCRA context.

On September 3, 2015, Appellant filed a response to the pre-dismissal notice, asserting that this Court had misinterpreted his claim and that a court always has jurisdiction to correct an illegal sentence. On September 9, 2015, this Court issued a final order of dismissal from which Appellant presently appeals.

In response to Appellant's timely notice of appeal, this Court issued an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant has complied.

3

I. <u>Whether this Court properly dismissed this fifth PCRA as untimely, when Appellant's claim did not qualify under the newly recognized constitutional right time-bar exception because Alleyne is not retroactive in the PCRA context.</u>

## DISCUSSION

I. <u>This Court properly dismissed this fifth PCRA as untimely, when Appellant's claim did not qualify under the newly recognized constitutional right time-bar exception because Alleyne is not retroactive in the PCRA context.</u>

Initially, this Court notes that while the Commonwealth did file a notice to seek mandatory minimum sentence, it is unclear that Appellant was sentenced pursuant to the mandatory minimum at 42 Pa.C.S.A. §9718, rather than in the aggravated range of the sentencing guidelines. At the time of sentencing, the sentencing court stated, "[t]he sentencing guidelines applicable here, due to the time that the crimes were committed, are the older set of guidelines." (Sentencing 4/6/2000 p. 82). The court went on to delineate the sentencing guideline ranges. Id. However, later the court stated "[a]ll four offenses carry mandatory minimums of five years imprisonment." Id. at 83. Ultimately, Appellant was sentenced to seven to 20 years' imprisonment on the first count of involuntary deviate sexual intercourse. On the second count, Appellant was sentenced to five to 10 years' imprisonment, concurrent to count 1. On the third count, Appellant was sentenced to a term of five to 10 years' imprisonment, consecutive to count 2. Finally on count four, Appellant was sentenced to five to 10 years' imprisonment, concurrent to count 1. Id. at 84. Accordingly, Appellant may not have even been sentenced under the mandatory

4

minimum sentencing scheme, and his current Alleyne claim must fail on that basis. However, even assuming Appellant was sentenced under the now unconstitutional sentencing scheme, Appellant's claim of timeliness must also fail as explained below.

Our appellate court, when reviewing the propriety of an order dismissing a PCRA petition on timeliness grounds, determines whether the decision of the trial court is supported by the evidence of record and is free of legal error. Commonwealth v. Williamson, 21 A.3d 236, 240 (Pa.Super. 2011). The trial court's findings with regard to the timeliness of a PCRA petition will not be disturbed unless there is no support for those findings in the certified record. Id.

The timeliness of a PCRA petition is a jurisdictional requisite. Commonwealth v. Robinson, 12 A.3d 477, 479 (Pa.Super. 2011). "Jurisdictional time limits go to a court's right or competency to adjudicate a controversy." Id. (quoting Commonwealth v. Hackett, 956 A.2d 978, 983 (Pa. 2008)). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." Commonwealth v. Jackson, 30 A.3d 516, 519 (Pa.Super. 2011) (quoting Commonwealth v. Perrin, 947 A.2d 1284, 1285 (Pa.Super. 2008))

Any PCRA petition, including a second and subsequent one, must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. §9545(b)(1). A judgment of sentence becomes final at the conclusion

5

of direct review, or when the time for seeking such review expires. 42 Pa.C.S.A. §9545(b)(3).

There are three statutory exceptions to the timeliness requirements of the PCRA, which provide very limited circumstances to excuse the late filing of a petition. To invoke an exception, a petition must allege and the petitioner must prove that (1) the failure to raise the claim earlier was due to the interference of government officials; (2) the claims is predicated on facts that were unknown to the petitioner and could not have been discovered with due diligence or (3) the right asserted was recognized by the United States Supreme Court or the Pennsylvania Supreme Court as a constitutional right after the petitioner's case was decided and the right has been upheld to apply retroactively. 42 Pa.C.S.A. §9545(b)(1)(i)-(iii). A petition alleging one of these exceptions must be filed within sixty days of the date that the claim could have been presented. 42 Pa.C.S.A. §9545(b)(2). The 60-day rule requires a petitioner to plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence. Commonwealth v. Marshall, 596 Pa. 587, 947 A.2d 714, 720 (2008).

"As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims."

6

Commonwealth v. Robinson, 12 A.3d 477, 479 (Pa.Super. 2011) (quoting Commonwealth v. Gamboa-Taylor, 753 A.2d 780, 783 (Pa. 2000)).

In this case, there is no dispute that this fifth PCRA petition is facially untimely, i.e., that it was filed more than a year after Appellant's judgment of sentence became final. Rather, the issue raised is whether the newly recognized constitutional right timeliness exception, Section 9545(b)(1)(iii), applies, making this a timely petition, establishing jurisdiction for a review of the underlying merits.

Alleyne has not been held to apply retroactively to post-conviction proceedings by either the United States Supreme Court or the Pennsylvania Supreme Court, thus, this claim must fail.[2] In fact, the case of Commonwealth v. Miller, 102 A.3d 988 (Pa.Super. 2014) addressed this issue of whether an untimely PCRA petition can be saved under Section 9545(b)(1)(iii) based on Alleyne. First, the Miller Court set forth the requirements under this exception as follows:

> Subsection (iii) of Section 9545[ (b)(1) ] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has

---

[2]    This Court notes that in the recent case of Commonwealth v. Riggle, 119 A.3d 1058 (Pa.Super. 2015), the Pennsylvania Superior Court held that the U.S. Supreme Court's holding in Alleyne v. U.S. was not entitled to retroactive effect on post-conviction review since the new rule set forth in Alleyne was not substantive and did not constitute a watershed procedural rule.

7

been held" is in the past tense. These words mean that the action has already occurred, *i.e.,* "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

Miller, 102 A.3d 988 at 994. The Miller Court opined that because neither the United States Supreme Court nor the Pennsylvania Supreme Court, announced that Alleyne applied retroactively, that decision could not qualify as a timeliness exception. Id. at 995. Accordingly, Appellant cannot avail himself of this timeliness exception to the time-bar requirements of the PCRA. This fifth PCRA petition was untimely filed, and it was properly dismissed without reaching the merits of the underlying issue.

## CONCLUSION

Based on the foregoing analysis, the final order of dismissal dated September 9, 2015, dismissing Appellant's untimely fifth PCRA petition should be affirmed.

**BY THE COURT:**

_____
**WILLIAM R. CARPENTER    J.**
**COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY**
**PENNSYLVANIA**
**38TH JUDICIAL DISTRICT**

8

**Copies sent on October 30, 2015**
**By Interoffice Mail to:**
Anne Schools, Court Administration

**By First Class Mail to:**
William D'Agostino #EF3714
SCI Rockview
Box A
Bellefonte, PA 16823