**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Thomas C. WILLIAMSON, Appellant**

Superior Court of Pennsylvania.

Submitted March 14, 2011.
Filed May 23, 2011.

Robert E. Draudt, Meadville, for appellant.

Paula C. DiGiacomo, Assistant District Attorney, Meadville, for Commonwealth, appellee.

* Retired Senior Judge assigned to the Superior

BEFORE: STEVENS, P.J., LAZARUS and PLATT *, JJ.

OPINION BY LAZARUS, J.:

Thomas C. Williamson ("Williamson") appeals from the order entered in the Court of Common Pleas of Crawford County, denying his second petition for collateral relief filed under the Post–Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. We affirm.

This Court summarized the factual history as follows:

> On February 18, 2004, Pennsylvania State Troopers searched [Williamson's] residence in Springboro, Pennsylvania, and seized a computer, a digital camera and a number of compact discs containing images of children engaged in sexual acts. The following day, Trooper Brian Mason interviewed [Williamson] at the State Police barracks in Meadville, and [Williamson] admitted that he had photographed children under the age of eighteen engaging in sexual acts. During the interview [Williamson] confessed that he had sexually assaulted five different children on numerous occasions beginning in May 2003, and continuing until his arrest in February 2004. Over the course of approximately nine months, [Williamson] assaulted his son, age 14, his daughter, age 13, his girlfriend's daughter, age 16, and two other children, ages 11 and 14.

*See Commonwealth v. Williamson,* No. 516 WDA 2005, 890 A.2d 1109 (unpublished memorandum) (Pa.Super., filed November 16, 2005) (citations to record omitted), at 2.

Williamson subsequently entered a negotiated guilty plea on October 21, 2004 to six counts of involuntary deviate sexual intercourse, one count of endangering the

Court.

welfare of children, two counts of statutory sexual assault, two counts of indecent assault and one count of sexual abuse of children. On March 11, 2005, the court sentenced Williamson to an aggregate period of 36 years and three months to 86 years' imprisonment, with credit for time-served.

On March 14, 2005, Williamson filed a timely post-sentence motion that the court denied. On November 16, 2005, this Court affirmed his judgment of sentence. On April 4, 2006, the Supreme Court of Pennsylvania denied Williamson's petition for allowance of appeal.

On April 2, 2007, defense counsel, Edward J. Hatheway, Esquire, filed a PCRA petition on Williamson's behalf. The next day, however, Williamson filed a *pro se* PCRA petition wherein he requested the appointment of new counsel and raised essentially the same issues as in the counseled petition. The PCRA court issued an order indicating that both petitions would be treated as Williamson's first PCRA petition, and appointed Mark D. Stevens, Esquire to represent Williamson for PCRA purposes.[1] The PCRA court then scheduled a hearing and argument to determine whether an evidentiary hearing was to be scheduled based on Williamson's requests for relief asserted in his PCRA petition. A hearing was held on July 27, 2007, at which time the PCRA court determined that Williamson had failed to comply with the requirements of 42 Pa.C.S.A. § 9545(d) relating to witness certifications, and, as such, an evidentiary hearing was not warranted as Williamson's requests for relief were not supported by any factual allegations.

On October 3, 2007, before any disposition on Williamson's PCRA petition, Attorney Stevens sought permission to withdraw as counsel due to a conflict between himself and Williamson. On October 30, 2007, a hearing on Attorney Steven's motion to withdraw was held, after which the court granted Attorney Stevens leave to withdraw as counsel. Per Pa.R.Crim.P. 907(a), the court notified Williamson of its intent to dismiss his PCRA petition without holding a hearing because there were no genuine issues of material fact and Williamson was not entitled to post-conviction relief. *See* Order, 11/8/2007. The court then appointed Gary M. Alizzeo, Esquire, to represent Williamson. Attorney Alizzeo filed a response to the PCRA court's notice of intent to dismiss Williamson's PCRA petition. On January 16, 2008, by order and memorandum the PCRA court dismissed Williamson's PCRA petition without holding a hearing.

Williamson filed a collateral appeal, and this Court affirmed the court's order denying PCRA relief. *See Commonwealth v. Williamson*, No. 335 WDA 2008, 965 A.2d 306 (unpublished memorandum) (Pa.Super., filed December 3, 2008). On January 5, 2009, Attorney Alizzeo filed a petition for allowance of appeal to the Supreme Court of Pennsylvania, which the Court denied as untimely filed. On December 3, 2009, Attorney Alizzeo filed a "second petition for postconviction relief," which sought permission to file a petition for allowance of appeal *nunc pro tunc.* Therein, Attorney Alizzeo cited his own ineffectiveness in failing to file a timely petition for allowance of appeal. The PCRA court ordered argument to deter-

---

1. The court granted counsel 45 days within which to file an amended PCRA petition, if desired. On May 15, 2007, Attorney Stevens filed a motion for extension of time to file an amended PCRA petition. On May 17, 2007, the PCRA court granted counsel's motion for a period of 60 days; however, no amended PCRA petition was filed on Williamson's behalf.

mine whether to hold an evidentiary hearing.

Upon hearing argument, by June 16, 2010 order and memorandum, the court allowed Attorney Alizzeo to withdraw his representation and appointed current counsel, Robert E. Draudt, Esquire, to represent Williamson. The court further provided counsel 30 days within which to file an amendment to Williamson's PCRA petition to allege, "facts showing he has sought such relief within sixty (60) days of learning of Mr. Alizzeo's alleged ineffectiveness." Order, 6/16/2010. The court reasoned that Attorney Alizzeo's December 3, 2009 petition, "failed to properly plead that this new filing, ha[d] been made within sixty days of the defendant's discovery of the missed deadline and that defendant exercised due diligence in managing his appeal." PCRA Court Memorandum, 6/16/2010, at 2.

On July 16, 2010, Attorney Draudt filed an "Amendment to Second Petition for Post[-]Conviction Collateral Relief." Attached thereto were letters sent between Williamson and Attorney Alizzeo. The court reviewed counsel's amendment and based upon two of those letters, determined that Williamson had learned of counsel's late filing in January of 2009 and was informed then to file a second *pro se* PCRA petition; Williamson chose instead to continue working with counsel. Because Williamson's December 3, 2009 counseled petition had been untimely filed and was not within any exception, the PCRA court concluded that it did not have jurisdiction to address Williamson's petition and, therefore, there was no need for an additional hearing. *See* PCRA Court Order and Memorandum, 7/19/2010. The PCRA court notified Williamson of its intent to dismiss the petition and provided Williamson with 20 days to respond. On August 9, 2010, Attorney Draudt filed a

response to the court's notice, and by order dated August 10, 2010, the court dismissed Williamson's PCRA petition.

On August 26, 2010, Williamson filed a timely notice of appeal and court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) statement. On collateral appeal, Williamson raises the following issues for our review:

1. IS [WILLIAMSON'S] PCRA PETITION THAT SOUGHT REINSTATEMENT OF HIS RIGHT TO FILE A PETITION FOR AN ALLOWANCE OF APPEAL IMPROPERLY DISMISSED AS UNTIMELY BY HIS FAILURE TO SEEK THAT PCRA RELIEF WITHIN 60 DAYS OF LEARNING PRIOR COUNSEL WAS INEFFECTIVE?

2. WAS [WILLIAMSON] THEN DEPRIVED OF HIS RIGHT TO COUNSEL AND HIS RIGHT TO APPEAL BY THE ACTIONS OF FORMER COUNSEL IN FAILING TO FILE BOTH THE INITIAL PETITION FOR ALLOWANCE OF APPEAL AND THE SUBSEQUENT SECOND PCRA PETITION IN AN UNTIMELY [sic] MANNER?

Appellant's Brief, at 4.

■ This Court, when reviewing the propriety of an order dismissing a PCRA petition on timeliness grounds, determines whether the decision of the trial court is supported by the evidence of record and is free of legal error. *Commonwealth v. Abu–Jamal,* 574 Pa. 724, 833 A.2d 719, 723 (2003). The trial court's findings with regard to the timeliness of a PCRA petition will not be disturbed unless there is no support for those findings in the certified record. *Commonwealth v. Carr,* 768 A.2d 1164, 1166 (Pa.Super.2001).

■ Since the timeliness of a petition is jurisdictional, we must first address

whether Williamson's second petition was timely filed. *Commonwealth v. Taylor*, 933 A.2d 1035, 1038 (Pa.Super.2007). A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date petitioner's judgment of sentence becomes final.[2] Here, our Supreme Court denied Williamson's petition for allowance of appeal on April 4, 2006, and his judgment of sentence became final for PCRA purposes 90 days later, after the period for filing a petition for a writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup. Ct.R. 13. Williamson's current petition, his second, filed on December 3, 2009, is patently untimely.

An untimely PCRA petition, however, may still be received if the petitioner pleads and proves that at least one of the statutory exceptions to the PCRA's filing deadline applies.[3] *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii); *Commonwealth v. Gamboa–Taylor*, 562 Pa. 70, 753 A.2d 780, 783 (2000). The exceptions are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascer-

tained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these exceptions must *"be filed within 60 days of the date the claim could have been presented."* 42 Pa.C.S.A. § 9545(b)(2) (emphasis added). Lastly, there is "no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." *Commonwealth v. Brown*, 596 Pa. 354, 943 A.2d 264, 267 (2008); *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157, 1161 (2003).[4]

In *Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264 (2007), counsel failed to file an appellate brief on appeal from the denial of appellant's first PCRA petition, and as a result the appeal was dismissed. Our Supreme Court determined that counsel's failure to perfect appellant's appeal constituted abandonment by counsel and could serve as a newly discovered fact for purposes of section 9545(b)(1)(ii) (newly discovered facts exception). In so holding, the Court distinguished Bennett's claim of counsel's abandonment from those claims of ineffectiveness that simply "narrowed

---

**2.** Judgment becomes final for purposes of the PCRA at the conclusion of direct review or after the time provided for seeking direct review has lapsed, if no direct review has been taken. *Commonwealth v. Fisher*, 582 Pa. 276, 870 A.2d 864, 869 (2005).

**3.** "[I]t is the burden of a petitioner to plead in the PCRA petition exceptions to the time bar and that burden necessarily entails an acknowledgement by the petitioner that the PCRA petition under review is untimely but

that one or more of the exceptions apply." *Commonwealth v. Wharton*, 584 Pa. 576, 886 A.2d 1120, 1126 (2005) (citations omitted).

**4.** "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa.Super.2008).

the ambit of appellate review," and could not fall within the purview of section 9545(b)(1)(ii). *See Gamboa–Taylor,* 753 A.2d at 785–86 (holding claim that PCRA counsel's ineffectiveness was after-discovered fact will not establish jurisdiction under section 9545(b)(1)(ii)); *Commonwealth v. Bronshtein,* 561 Pa. 611, 752 A.2d 868 (2000) (couching claim in terms of ineffective assistance of prior counsel does not establish section 9545(b)(1)(ii) exception to PCRA one-year time limitation, which exception allows untimely claims when facts were unknown); *Commonwealth v. Pursell,* 561 Pa. 214, 749 A.2d 911, 916 (2000). Ultimately, the Court remanded the matter for a hearing where appellant could prove, under section 9545(b)(1)(ii), that counsel's failure was unknown to the petitioner and could not have been discovered through the use of due diligence.[5]

■ While *Bennett* involved counsel's failure to file a brief before this Court, we conclude that *Bennett* applies equally here, where counsel failed to file a timely petition for allowance of appeal with the Supreme Court. Counsel's ineffectiveness did not serve to narrow the ambit of claims for review, but instead denied Williamson review of this Court's affirmance of the PCRA court's order dismissing his first PCRA petition. Thus, his claim is more akin to the claim addressed in *Bennett* than in *Gamboa–Taylor.* Accordingly, counsel's failure to file a timely petition for allowance of appeal could be considered a newly-discovered fact for purposes of section 9545(b)(1)(ii). Indeed, a petitioner is entitled to counsel throughout the collateral proceedings, including the appellate process, which includes the filing of a petition for allowance of appeal to the Supreme Court. *See* Pa.R.Crim.P. 122; *Commonwealth v. Liebel,* 573 Pa. 375, 825 A.2d 630 (2003) (holding, based on rule-based right to counsel and right to file petition for allowance of appeal, claim counsel was ineffective by failing to file petition for allowance of appeal cognizable under PCRA). With that said, a petitioner invoking section 9545(b)(1)(ii) *must still comply with section 9545(b)(2)* by presenting the claim within 60 days of discovering the new fact. *See Commonwealth v. Geer,* 936 A.2d 1075, 1078–79 (Pa.Super.2007) (holding pursuant to *Bennett,* petitioner invoking section 9545(b)(1)(ii), must comply with timeliness requirements of section 9545(b)(2)).[6]

■ Here, the record clearly shows that Williamson failed to do so. Attorney Alizzeo wrote to Williamson in a January 20, 2009 letter and informed him that the Supreme Court of Pennsylvania had rejected his second petition for allowance of appeal because he (counsel) had untimely filed the petition. Notably, in a subsequent letter, dated January 22, 2009, Attorney Alizzeo further informed Williamson that,

"I do not believe there are any proper motions to file with the Supreme Court of Pennsylvania for 'reinstatement' of your post-conviction rights. I do believe, however, *that you could file a Second Petition for Post[-]Conviction Collateral Relief. In that Petition, you could allege my error in not timely filing the Petition for Allowance of Appeal of the Superior Court's affirmance*

---

5. Section 9545(b)(2) was not at issue in *Bennett.* While noting section 9545(b)(2)'s timeliness requirement, *see id.* at 1272 n. 11, the *Bennett* Court assumed compliance with section 9545(b)(2) because appellant filed his petition only 25 days after this Court's dismissal of his PCRA appeal.

6. Of course, petitioner must also plead and prove that the facts were "unknown" to him and that he could not uncover them with the exercise of "due diligence." *See* 42 Pa.C.S.A. § 9545(b)(1)(ii).

*of the Trial Court's dismissal of your PCRA.* You would need to allege that such error constituted ineffectiveness of counsel."

Letter, 1/22/2009 (emphasis added).

From this, we agree with the PCRA court's finding that Williamson learned of counsel's ineffectiveness in January of 2009 and was aware then that *he* needed to file a second PCRA petition raising counsel's ineffectiveness. As such, under section 9545(b)(2), Williamson had until the end of March 2009 to file a *pro se* PCRA petition raising counsel's ineffectiveness. Rather than do so, Williamson "chose to continue to correspond and work with counsel who had clearly admitted his error and ineffectiveness in filing the untimely Petition for allowance of appeal that had been rejected by the Supreme Court." PCRA Court Memorandum, 7/19/2010, at 2. Ultimately, counsel's second PCRA petition, filed on December 3, 2009, was untimely and not within any of the timeliness exceptions to the PCRA time-bar.

Consequently, the PCRA court correctly concluded that it lacked jurisdiction to entertain the claims presented and to grant relief. *See Commonwealth v. Fairiror,* 809 A.2d 396, 398 (Pa.Super.2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack jurisdiction to reach the merits of this appeal. *See Commonwealth v. Bennett,* 593 Pa. 382, 930 A.2d 1264 (2007) (PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address merits of petition); *Commonwealth v. Johnson,* 803 A.2d 1291, 1294 (Pa.Super.2002) (holding Superior Court lacks ju-

risdiction to reach merits of appeal from untimely PCRA petition).[7]

Order affirmed.

---

**7.** We acknowledge Williamson's equitable arguments; however, our Supreme Court has clearly established that there are no equitable exceptions to the jurisdictional one-year time bar pertaining to post-conviction petitions.

*See Brown, supra; Robinson, supra.* Williamson should have filed a *pro se* PCRA petition within 60 days of learning of counsel's ineffectiveness.