J-S65023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DMITRIY V. LITVINOV | |
| Appellee | No. 1771 MDA 2017 |

Appeal from the PCRA Order Entered November 3, 2017
In the Court of Common Pleas of Centre County
Civil Division at Nos: CP-14-CR-0000364-2011, CP-14-CR-0000462-2010,
CP-14-CR-0000464-2010, CP-14-CR-0001090-2010, CP-14-CR-0001139-
2010, CP-14-CR-0001157-2010, CP-14-CR-0001158-2010, CP-14-CR-
0001159-2010, CP-14-CR-0001161-2010, CP-14-CR-0001162-2010, CP-
14-CR-0001163-2010, CP-14-CR-0001164-2010

BEFORE:  SHOGAN, and STABILE, McLAUGHLIN, JJ.

MEMORANDUM BY STABILE, J.:              **FILED JANUARY 16, 2019**

The Commonwealth of Pennsylvania appeals from the November 3, 2017 order reinstating the direct appeal rights of Appellee, Dmitriy V. Litvinov pursuant to Litvinov's petition under the Post Conviction Relief Act ("PCRA") 42 Pa.C.S.A. §§ 9541-9545.  We affirm.

The record reveals that, on June 22, 2012, a jury found Litvinov guilty of multiple counts of robbery, theft by unlawful taking, receiving stolen property, kidnapping, recklessly endangering another person, conspiracy, and related offenses.  On October 17, 2013, after a successful Commonwealth appeal, the trial court resentenced Litvinov to an aggregate thirty-nine years and four months to seventy-eight years and eight months of incarceration.  In

July of 2012, Litvinov paid attorney Alexander Z. Talmadge a $17,000.00 retainer to represent Litvinov on direct appeal. Talmadge entered his appearance for Litvinov on October 18, 2012 but withdrew it on December 27, 2012 so that the public defender, David Crowley, could handle the post-sentence motion. Talmadge told Crowley that Litvinov retained him only for the appeal, not for the post-sentence motions, and that he would reenter his appearance upon resolution of the post-sentence motions. Crowley handled the post-sentence motions and provided Talmadge with paperwork to substitute himself as counsel after the motions were denied. Talmadge never again entered his appearance on behalf of Litvinov and did not file a direct appeal.

On August 20, 2015, Litvinov filed, in this Court, a *pro se* application for reinstatement of his direct appeal rights. He filed his first PCRA petition in the Centre County Court of Common Pleas on December 10, 2015. The PCRA court conducted a hearing on September 8, 2017 and, on November 3, 2017 entered an order reinstating Litvinov's direct appeal rights. The Commonwealth filed this timely appeal. The Commonwealth argues the PCRA court erred in granting relief because 1) Talmadge was not Litvinov's counsel of record at the relevant time; 2) Litvinov did not exercise due diligence in ascertaining that Talmadge never filed a direct appeal; and 3) Litvinov failed to file a PCRA petition within 60 days of August 8, 2012, the date on which he admittedly learned of Talmadge's failure to file the direct appeal.

- 2 -

Commonwealth's Brief at 4. Finding no merit in any of these contentions, we affirm.

Our standard for reviewing a PCRA court's order is well-settled:

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 779 (Pa. Super. 2015) (internal citations and quotation marks omitted) (*en banc*), ***appeal denied***, 123 A.3d 331 (Pa. 2015).

We first consider our jurisdiction. Section 9545 of the PCRA provides that a petitioner must file his petition within one year of the finality of the judgment of sentence. 42 Pa.C.S.A. § 9545(b)(1). Failure to comply with the PCRA's timeliness requirements deprives the courts of jurisdiction to entertain a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Instantly, the trial court imposed sentence on October 17, 2013. Litvinov's sentence became final thirty days later, when he failed to file a direct appeal. Litvinov's August 20, 2015 *pro se* petition seeking reinstatement of his direct appeal rights was facially untimely (for reasons we will explain below, the law treats Appellant's *pro se* petition to this Court as a PCRA petition, even though he filed it in the wrong court). Litvinov must, therefore, plead and prove the applicability of one of the timeliness exceptions set forth in § 9545(b)(1)(i-iii).

The PCRA court found Litvinov's petition timely pursuant to § 9545(b)(1)(ii), pursuant to which a petitioner must prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). The PCRA court also found that Litvinov presented the petition within 60 days of the date on which he learned of counsel's failure, in accord with § 9545(b)(2). We will not disturb the PCRA court's findings with regard to a PCRA petition unless the certified record provides no support for those findings. *Commonwealth v. Williamson*, 21 A.3d 236, 241 (Pa. Super. 2011).

Pennsylvania courts have held that counsel's failure to perfect an appeal qualifies as a newly discovered fact under § 9545(b)(1)(ii) because it constitutes the abandonment by counsel of the client. *Id.* at 241-42; *see also*, *Bennett*, 930 A.2d at 1272-74. In *Williamson*, counsel failed to file a timely petition for allowance of appeal to the Supreme Court. *Id.* at 242. Similarly, in *Bennett*, the counsel failed to file an appellate brief. *Bennett*, 930 A.2d at 1265. The *Bennett* Court held that "Appellant has made sufficient allegations to invoke subsection (b)(1)(ii). Appellant alleges that he did not receive the review to which he was entitled through no fault of his own. […] In such an instance, Appellant must be given the opportunity to seek the review to which he or she was entitled." *Id.* at 1274. That rationale applies with full force here. Litvinov retained Talmadge and paid him $17,000.00 to

represent him on direct appeal. After the trial court denied Litvinov's post-sentence motions,[1] Talmadge took no action on Litvinov's behalf, thus depriving him of the appellate review to which he was entitled.

Next, we must determine whether Litvinov acted with due diligence in learning of Talmadge's failure. The record reveals that Litvinov sent Talmadge a letter on January 11, 2013, informing Talmadge of the trial court's denial of Litvinov's post-sentence motion on January 4, 2013. N.T. Hearing, 9/8/17, at 60, Exhibit 16. In that letter, Litvinov expressed his understanding that Talmadge would represent him going forward on direct appeal. *Id.* For his part, Crowley confirmed with Litvinov that Talmadge would represent him on direct appeal. *Id.* at 16. In response to Talmadge's request as to Litvinov's whereabouts, Crowley informed Talmadge that Litvinov was at SCI Forrest due to some construction at SCI Rockview. *Id.*

On May 19, 2013, Talmadge wrote a letter to Litvinov stating that he was preparing Litvinov's appeal. *Id.* at Exhibit 18. In October of 2013, Litvinov called Talmadge to discuss his resentencing after the Commonwealth's successful appeal. *Id.* at 66. Litvinov contacted Talmadge again in midsummer of 2014. *Id.* at 67-68. Talmadge did not accept Litvinov's calls after that, but Talmadge spoke to Litvinov's family, and they

---

[1] Talmadge filed a premature notice of appeal before he realized the post-sentence motions were not yet argued. He withdrew that appeal and took no further action in this case.

kept Litvinov apprised of Talmadge's communications. *Id.* at 68. The record confirms that Talmadge met with Litvinov's sister and father at various times in 2013, 2014, and 2015. *Id.* at 46, 69. Litvinov also sent Talmadge letters in February and May of 2015, checking on, among other things, the status of his appeal. *Id.* at 68-69. Approximately one month before Litvinov wrote the May 13, 2015 letter, Talmadge met with Litvinov's father and/or sister and represented that he had not heard anything from the appellate court. *Id.* at 69. Talmadge finally wrote to Litvinov on July 11, 2015, but said nothing about any pending appeal. *Id.* at 69-70.

On July 21, 2015, Litvinov wrote a letter to his Court, asking about the status of his appeal. *Id.* at 71, Exhibit 23. On August 5, 2015, Litvinov received from this Court a docketing statement indicating that no direct appeal was ever filed. Shortly thereafter, Litvinov mailed to this Court a *pro se* application for the right to appeal *nunc pro tunc*. A return receipt indicates that personnel from the Administrative Office of Pennsylvania Courts received Litvinov's filing on August 20, 2015. *Id.* at 72-73, Exhibit 25. The record does not indicate that the Superior Court Prothonotary's office ever received Litvinov's application or filed it. On November 2, 2015, Litvinov wrote a letter to this Court seeking an update on the status of his *nunc pro tunc* appeal. *Id.* at 73. Our Prothonotary's office responded on November 6, 2015, notifying Litvinov that no appeal was pending, and that any notice of appeal improperly filed in this Court would have been forwarded to the trial court for proper filing.

*Id.* at 73-74. Subsequently, on December 21, 2015, Litvinov filed a *pro se* PCRA petition in the Centre County Court of Common Pleas.

In light of the foregoing facts, we discern no error in the PCRA court's conclusion that Litvinov acted with due diligence. Litvinov paid Talmadge's retainer, asked for a direct appeal, and maintained contact with Talmadge through the summer of 2015. As late as April of 2015, Talmadge represented to Litvinov's family that he had not heard anything from the appellate court, thus implying that an appeal was pending. After receiving a letter from Talmadge, in July of 2015, that made no mention of an appeal, Appellant wrote to this Court to ascertain the status of the appeal. He received a docket sheet, printed on August 5, 2015, indicating that no appeal was pending. In summary, Litvinov retained and paid Talmadge to represent him on direct appeal, and for more than a year and a half after Litvinov's resentencing, Talmadge's communications with Litvinov and his family, regarding the status of the appeal, ranged from nonresponsive to misleading. The late filing of the instant PCRA petition was not due to Litvinov's lack of diligence.

Next, we must consider whether Litvinov filed the instant petition within 60 days of the first date on which he could have filed it, in accord with § 9545(b)(2). As set forth above, Litvinov filed, in this Court, a *pro se* application for reinstatement of his direct appeal rights. A return receipt indicates that the Administrative Office of Pennsylvania Courts received the filing on August 20, 2015, only fifteen days after this Court printed a docket

sheet in response to Litvinov's inquiry as to the status of his appeal.[2]  Well-settled law indicates that any collateral document requesting relief available under the PCRA will be treated as a PCRA petition.  42 Pa.C.S.A. § 9542; ***Commonwealth v. Kutnyak***, 781 A.2d 1259, 1261 (Pa. Super. 2001).  Thus, the PCRA court was correct in concluding that Litvinov's August 20, 2015 filing, which requested relief available under the PCRA, should be treated as a PCRA petition.

Concerning Litvinov's mistake in filing his application with this Court rather than the Centre County Court of Common Pleas, the Judiciary Code provides the following:

> **(a) General rule.--**If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

---

[2] Litvinov indicates he received the docket sheet on August 8, 2015.  Litvinov's Brief at 26.  We have not been able to confirm that date in the record.  For purposes of our analysis under § 9545(b)(2), Litvinov's petition was timely regardless of whether we charge him with notice as of August 5 or August 8 of 2015.

42 Pa.C.S.A. § 5103(a). Relying on § 5103(a), the PCRA court deemed Litvinov's PCRA petition filed on August 20, 2015 the date of its receipt in the Administrative Office of Pennsylvania Courts. For reasons not clear from the record, Litvinov's August 20, 2015 filing was never received by the Superior Court Prothonotary, nor was it forwarded to the Centre County Court of Common Pleas for proper filing in accord with § 5103(a). Under these circumstances, we agree with the PCRA court's conclusion that Litvinov filed a timely petition for permission to file an appeal *nunc pro tunc*, and that the apparent mishandling of the August 20, 2015 filing resulted from a breakdown in the courts not attributable to Litvinov. In light of all of the foregoing, we conclude the PCRA court properly exercised jurisdiction over Litvinov's petition pursuant to 42 Pa.C.S.A. § 9545(b)(1)(ii) and (2).

We now turn to the merits. An unjustified failure to file a requested direct appeal results in presumed prejudice. *Commonwealth v. Lantzy*, 736 A.2d 554, 571-72 (Pa. 1999). In such a case, the accused is entitled to reinstatement of his direct appeal rights without pleading and proving a claim of ineffective assistance of counsel in accord with *Strickland v. Washington*, 466 U.S. 668 (1984) and *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987). *Id.* at 572-73. Instantly, as we have already discussed, the record confirms that Litvinov retained Talmadge to represent him on direct appeal, and Talmadge failed to file an appeal. The Commonwealth does not dispute those facts, but argues that Litvinov is not entitled to relief because Talmadge

was not his counsel of record at the pertinent time. In essence, the Commonwealth argues that Litvinov has no recourse because the lawyer he retained abandoned him without entering an appearance. The Commonwealth cites no law for this proposition, and we have uncovered none. As the PCRA court put it, "[i]t would be nonsensical to hold that because the attorney hired to file the appeal failed to enter an appearance Petitioner has waived his right to an appeal." PCRA Court Opinion, 11/3/17, at 8. Uncontroverted evidence establishes a lawyer/client relationship between Litvinov and Talmadge, inasmuch as Litvinov paid Talmadge a $17,000.00 retainer to represent him on direct appeal.

For his part, Talmadge testified that Litvinov's sister informed him that they hired another attorney to handle Litvinov's appeal, and that he was directed to focus his attention on Litvinov's deportation issues. Litvinov's sister, Alena Litvinova, testified at the PCRA hearing and denied giving Talmadge any such directive. N.T. Hearing, 9/8/17, at 57. She testified that Talmadge was supposed to handle both the appeal and the deportation proceeding. *Id.* The PCRA court accepted Litvinova's testimony and found Talmadge not credible. PCRA Court Opinion, 11/3/17, at 9.

In summary, the evidence of record supports the PCRA court's findings that Talmadge was Litvinov's lawyer for purposes of direct appeal, and that Talmadge abandoned Litvinov. Under these circumstances, Litvinov is entitled to reinstatement of his direct appeal rights.

The Commonwealth seeks to avoid this result based on § 9543(b), which provides that PCRA relief should be denied were the petitioner's delay in filing the petition prejudice's the Commonwealth's ability to respond to the petition or to retry the petitioner. 42 Pa.C.S.A. § 9543(b). The Commonwealth alleges its ability to retry Litvinov will be prejudiced because the trial court already has ordered the return of property that was pertinent evidence at Litvinov's trial. The Commonwealth's argument rests largely on its assertion that Litvinov failed to exercise due diligence, an assertion we already have rejected. Indeed, § 9543(b) expressly provides that "[t]his subsection does not apply if the petitioner shows that the petition is based on grounds of which the petitioner could not have discovered by the exercise of reasonable diligence before the delay became prejudicial to the Commonwealth." 42 Pa.C.S.A. § 9543(b). In light of our conclusion that the delay in filing this petition was not the result of Litvinov's lack of diligence, § 9543(b) is inapplicable.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2019