J-S06023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHANIEL RHODES, JR. | : | |
| | : | |
| Appellant | : | No. 2821 EDA 2018 |

Appeal from the PCRA Order Entered September 11, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0008491-2003

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED MAY 21, 2019**

Appellant, Nathaniel Rhodes, Jr., appeals *pro se* from the Order entered September 11, 2018, dismissing as untimely his seventh Petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The factual background of this case, as well as its lengthy procedural history, is well documented.  **See** PCRA Ct. Op., filed 11/29/18, at 1-4.  We need not repeat those details here but briefly note the following:

In March 2004, a trial commenced, following which the jury convicted Appellant of three counts of Robbery and one count of Receiving Stolen Property.[1]  The charges arose from a robbery committed by Appellant at a convenience store located in West Norriton, Pennsylvania.  Thereafter, the

_____

[1] **See** 18 Pa.C.S. §§ 3701(a)(1), 3925(a), respectively.

trial court sentenced Appellant to twenty-five to fifty years of incarceration pursuant to the third-strike Statute, 42 Pa.C.S. § 9714(a)(2). Appellant timely appealed; this Court affirmed the Judgment of Sentence; and, in December 2005, the Supreme Court of Pennsylvania denied Appellant's Petition for allowance of appeal.

Since Appellant's Judgment of Sentence became final, he has pursued collateral attacks on the legality of his sentence. **See, e.g.**, **Commonwealth v. Rhodes**, 1053 EDA 2013, unpublished memorandum at 3 (Pa. Super. filed December 11, 2013) ("[Appellant] asserts that his sentence is illegal because the trial court improperly sentenced him pursuant to the three strikes provision . . . when he was never sentenced as a second strike offender."). Those collateral attacks have proven unsuccessful. **See id.** at 4 (affirming the PCRA court's dismissal of Appellant's second Petition for collateral relief as untimely); **see also, e.g.**, **Commonwealth v. Rhodes**, 1912 EDA 2016, unpublished memorandum at 4 (Pa. Super. filed January 31, 2017) (affirming the PCRA court's dismissal of Appellant's sixth Petition for collateral relief premised upon a similar claim that his sentence is illegal).

In July 2018, Appellant filed *pro se* a Petition for Writ of *Habeas Corpus* and/or Extraordinary Relief, again asserting that imposition of a third-strike sentence was illegal. Petition, 7/12/18, at 2-3. Following notice of its intent to dismiss Appellant's Petition without a hearing, and having received no response from Appellant, the PCRA court dismissed his Petition without a hearing. PCRA Ct. Order, 9/11/18.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement. The PCRA court issued a responsive Opinion.

Appellant raises two issues in this appeal: (1) whether the PCRA court erred in analyzing his Petition under the PCRA; and (2) whether his third strike sentence is "patently and obviously erroneous." **See** Appellant's Br. at 3-5.[2]

In his first issue, Appellant asserts that the PCRA court erred in addressing his Petition pursuant to the PCRA. Appellant's Br. at 17. Notably, Appellant denies that he challenges the legality of his sentence. **Id.** at 21. Rather, according to Appellant, the alleged errors in his sentence are attributable to ambiguity in the statutory language of 42 Pa. § 9714(a). Appellant's Br. at 19-20. Therefore, Appellant asserts, his Petition properly seeks *habeas corpus* relief and is not subject to the timeliness requirements of the PCRA. **Id.** at 21 (citing in support **Commonwealth v. Heredia**, 97 A.3d 392 (Pa. Super. 2014)).

Contrary to his argument, Appellant has challenged, specifically and repeatedly, the legality of his sentence. **See** Petition, 7/12/18, at pp. 2-5, ¶ 5 ("[Appellant's] sentence is patently illegal[.]"), ¶ 6 ("[Appellant's] current sentence . . . is patently erroneous[.]"), ¶ 7 (asserting that courts have "inherent power to correct patent sentencing illegalities at any time"), ¶ 12 ("[T]he sentence [Appellant] is now serving . . . is illegal[.]"). Thus, we reject Appellant's effort to recast the nature of his claim.

---

[2] We have reversed the order of issues presented by Appellant for ease of analysis.

Further, Appellant's reliance on **Heredia** is misplaced. In **Heredia**, a petitioner sought collateral relief, requesting credit for time spent incarcerated prior to his guilty plea. **Heredia**, **supra** at 394. According to the petitioner, the Department of Corrections (DOC) had denied him credit improperly, relying on a commitment form prepared by the clerk of courts rather than the sentencing order signed by the judge. **Id.**

The PCRA court denied relief, and this Court affirmed, concluding that the petitioner's claim was not cognizable under the PCRA. **Id.** at 394-95. In so doing, we distinguished between three unique types of claims. First, where a petitioner challenges the propriety of a sentence, the claim falls within the scope of the PCRA. **Id.** at 394 (citation omitted). Second, where a claimant contests the DOC's computation of his or her sentence, "the appropriate vehicle for redress would be an original action in the Commonwealth Court." **Id.** at 395 (citation omitted). Finally, where "the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed." **Id.** (citation omitted).

As the petitioner had asked that DOC "enforce the trial court's sentencing order as valid," the propriety of his sentence was not at issue. **Id.** Thus, we determined that his claim was not cognizable under the PCRA. **Id.**

In contrast, here, Appellant specifically challenges the propriety of his sentence. **Cf. Heredia**, **supra** at 394. He does not assert ambiguity in the sentence imposed, but rather alleges ambiguity in the statutory language

authorizing his sentence. For these reasons, we conclude the court properly considered Appellant's Petition under the PCRA.

Turning to his second issue, Appellant asserts the PCRA court erred in denying him collateral relief. Appellant's Br. at 13-16.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citing *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014)).

Initially, we address the timeliness of Appellant's Petition, as it implicates our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007).

Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). There are three statutory exceptions. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, Section 9545(b)(2) requires that any PCRA petition invoking one of the statutory exceptions to the time requirements of the PCRA "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S § 9545(b)(2); *see*

*Commonwealth v. Williamson*, 21 A.3d 236, 241 (Pa. Super. 2011).[3] Finally, "it is the petitioner's burden to plead in the petition and prove that one of the exceptions applies." *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999). This burden "necessarily entails an acknowledgment" that the petition is untimely. *Id.*

Appellant's Judgement of Sentence became final on January 23, 2006. *See* PCRA Ct. Op. at 7. Thus, Appellant had until January 23, 2007, to file a petition under the PCRA. 42 Pa.C.S. § 9545(b)(1). Appellant's current Petition, filed July 12, 2018, is more than eleven years late and, therefore, patently untimely.

Appellant does not acknowledge his untimeliness, nor does he plead in his Petition that one of the exceptions to the time requirements of the PCRA applies. *Beasley*, *supra* at 1261. Accordingly, we lack jurisdiction to review the merits of his claim. *Bennett*, *supra* at 1267.

For these reasons, we affirm the Order of the PCRA court.

Order affirmed.

_____

[3] Effective December 24, 2018, Section 9545(b)(2) now provides that, for claims arising on December 24, 2017, or after, "[a]ny petition invoking an exception . . . shall be filed within one year of the date the claim could have been presented." Appellant's Petition, filed in July 2018, preceded the effective date of the amended statute.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/21/19</u>