J-S06026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVE MELICE | : | |
| | : | |
| Appellant | : | No. 2303 EDA 2019 |

Appeal from the Order Entered July 22, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002853-2013

BEFORE: LAZARUS, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 06, 2020**

Steve Melice ("Melice") appeals *pro se* from the order entered on July 22, 2019, which dismissed as untimely his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We vacate and remand.

On January 16, 2015, a jury convicted Melice of driving under the influence of alcohol, aggravated assault by vehicle while driving under the influence and related offenses. On August 21, 2015, the court sentenced him to 10½-24 years' incarceration. After sentencing, Melice filed a post-sentence motion, which was denied by the trial court. Melice then filed a counseled direct appeal to this Court, which was dismissed for failure to file a docketing statement pursuant to Pa. R.A.P. 3517. ***Commonwealth v. Melice***, No. 3111 EDA 2015 (Pa.Super. filed Dec. 11, 2015).

On August 15, 2016, Melice filed a counseled PCRA petition, alleging ineffectiveness of his trial counsel. After a hearing, the court denied Melice's PCRA petition on March 23, 2017. Melice thereafter filed an appeal to this Court, which was dismissed for failure to file a brief. **Commonwealth v. Melice**, No. 983 EDA 2017 (Pa.Super. filed Aug. 15, 2017).

Melice filed his second PCRA petition on December 27, 2017, claiming his PCRA counsel was ineffective for failing to file an appellate brief. The PCRA court dismissed the petition as untimely. This Court affirmed on the bases that the second PCRA petition was patently untimely and Melice could not invoke the newly-discovered fact exception to the one-year time limit under section 9545(b)(1)(ii) of the PCRA. **Commonwealth v. Melice**, No. 1072 EDA 2018 (Pa.Super. filed Nov. 5, 2018) (unpublished memorandum) (finding that allegations of PCRA counsel's ineffectiveness generally cannot be invoked as a newly-discovered "fact" for purposes of section 9545(b)(1)(ii) and, in any event, Melice did not file his petition within 60 days of the date on which the claim could have been presented, as required under 42 Pa.C.S.A. § 9545(b)(2)).

On June 7, 2019, Melice filed a *pro se* third PCRA petition. Melice contended that his second PCRA attorney failed to inform him that this Court denied relief under the PCRA on November 5, 2018, thus denying him the opportunity to seek allowance of appeal in the Pennsylvania Supreme Court. The PCRA court dismissed Melice's third petition as untimely. This appeal followed.

Melice raises one issue for our review:

> Did the PCRA Court err as a matter of law in dismissing a 3rd PCRA Petition that met all of the statutory requirements that would establish the Court's jurisdiction to hear an otherwise untimely PCRA petition?

Melice's Br. at 4.

"Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." ***Commonwealth v. Beatty***, 207 A.3d 957, 960-61 (Pa.Super. 2019). "We afford the court's factual findings deference unless there is no support for them in the certified record." ***Commonwealth v. Greco***, 203 A.3d 1120, 1123 (Pa.Super. 2019).

It is well-established that "[u]nder the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final." ***Id.*** at 1123. The PCRA's time limit is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000). Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[1]

Instantly, this Court already determined that Melice's judgment of sentence became final on January 11, 2016. *Commonwealth v. Melice*, No. 1072 EDA 2018, unpublished memorandum at 2-3 (Pa.Super. filed Nov. 5, 2018). Therefore, this Court found Melice had until January 11, 2017 to file any and all PCRA petitions. *Id.* at 3. Since Melice's most recent PCRA petition was filed on June 7, 2019, it is patently untimely.

Melice, in fact, concedes that his third PCRA petition is untimely. Melice's Br. at 11. However, he contends that the newly-discovered fact exception under section 9545(b)(1)(ii) renders his petition timely. Specifically, Melice contends that his PCRA attorney failed to inform him that this Court denied relief under the PCRA on November 5, 2018. *Id.* at 7. Melice argues that he

_____

[1] Section 9545(b)(2) was amended, effective December 24, 2018, to extend the time for filing from 60 days of the date the claim could have been presented to one year.

- 4 -

only learned of this Court's decision in mid-March of 2019 when a former attorney who represented Melice alerted Melice's wife about the decision. *Id.* Melice states that his wife, in turn, promptly informed him about the decision. *Id.* at 8. Melice argues that he filed his third PCRA petition within 70 days of learning of this Court's decision (well within the one-year time limit set forth in 42 Pa.C.S.A. § 9545(b)(2)), thus satisfying the newly-discovered fact exception to the time bar. *Id.* at 8, 15. Melice maintains that counsel abandoned him and denied him of the ability to seek review of this Court's order affirming the dismissal his PCRA petition in the Pennsylvania Supreme Court. *Id.* at 7, 15.

In support of his claim, Melice cites *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007). In *Bennett*, counsel failed to file an appellate brief in this Court on appeal from the denial of Bennett's PCRA petition, which caused the appeal to be dismissed. Our Supreme Court determined that counsel's failure constituted abandonment and it could serve as a newly-discovered fact for purposes of section 9545(b)(1)(ii). *Bennett*, 930 A.2d at 1274.

In *Commonwealth v. Williamson*, 21 A.3d 236 (Pa.Super. 2011), a panel of this Court extended *Bennett* to include counsel's failure to timely file a petition for allowance of appeal with our Supreme Court. In *Williamson*, this Court found that counsel's failure to timely file a petition for allowance of appeal denied Williamson review of this Court's affirmance of the PCRA's court's order dismissing his PCRA petition. *Williamson*, 21 A.3d at 242. The panel held that "counsel's failure to file a timely petition for allowance of

appeal could be considered a newly-discovered fact for purposes of section 9545(b)(1)(ii)." *Id.*

Here, the Commonwealth correctly notes that counsel's ineffectiveness does not constitute a newly-discovered fact for purposes of section 9545(b)(1)(ii). **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 785 (Pa. 2000) (holding that "subsequent counsel's review of previous counsel's representation and a conclusion that previous counsel was ineffective is not a newly discovered 'fact' entitling Appellant to the benefit of the exception for after-discovered evidence"). However, Melice is not claiming that counsel's alleged ineffectiveness warrants application of the newly-discovered fact exception to the one-year time bar. Rather, Melice's claim is one of prior PCRA counsel's abandonment. Specifically, Melice contends that counsel's failure to inform him that this Court denied relief under the PCRA deprived him of the opportunity to seek allowance of appeal in our Supreme Court. Counsel's failure to file a timely petition for allowance of appeal was plainly recognized in **Williamson** as a possible newly-discovered fact for purposes of section 9545(b)(1)(ii). As such, Melice has met the pleading requirement.

Having concluded that Melice's allegations are within the realm of section 9545(b)(1)(ii), he still must prove that he satisfies the requirements of that section. **Bennett**, 930 A.2d at 1274. Specifically, in order to succeed in raising the newly-discovered fact exception under section 9545(b)(1)(ii), a petitioner must establish that: (1) "the facts upon which the claim was predicated were unknown" and (2) the facts "could not have been ascertained

by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). "[T]he due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." **Commonwealth v. Burton**, 121 A.3d 1063, 1070 (Pa.Super. 2015) (*en banc*) (footnote omitted). Additionally, "due diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Id.** at 1071.

Such a determination requires further fact-finding. **Bennett**, 930 A.2d at 1274. Thus, we are constrained to remand for the PCRA court, acting as factfinder, to conduct an evidentiary hearing to "determine whether [Melice] met the 'proof' requirement under 42 Pa.C.S. § 9545(b)(1)(ii)." **Id.**

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/20