J-S02041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TRAVIS TRUSEDALE | : | |
| | : | |
| Appellant | : | No. 1095 EDA 2024 |

Appeal from the PCRA Order Entered April 8, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014556-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TRAVIS TRUSEDALE | : | |
| | : | |
| Appellant | : | No. 1096 EDA 2024 |

Appeal from the PCRA Order Entered April 8, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0014665-2011

BEFORE: LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED MAY 6, 2025**

Travis Trusedale appeals from the order denying his Post Conviction
Relief Act ("PCRA") petition as untimely. *See* 42 Pa.C.S.A. §§ 9541-9546. We
affirm.

This Court previously summarized the facts as follows:

> On October 15, 2011, [Trusedale] approached a thirteen
> (13) year old girl ([]First Victim[]) at a bus stop. [Trusedale]
> groped her, pulled her into a nearby alleyway, knocked her

to the ground, grabbed different parts of her [body], and penetrated her vaginal area. First Victim fought off [Trusedale], but [Trusedale] stole her cell phone and access cards before she ran away. [Trusedale] then went back to the same bus stop and, using the cell phone he stole from First Victim, caught a sixteen (16) year old (Second Victim's) attention. [Trusedale] attacked Second Victim and forcibly penetrated her vagina and mouth with his penis. Furthermore, [Trusedale] bit Second Victim's stomach. Good Samaritans nearby heard Second Victim's screams and cries and intervened. When the police arrived, [Trusedale] took off on foot. However, police were able to apprehend [Trusedale], who then gave the police a fake name. Both girls later identified [Trusedale] as their attacker.

*Commonwealth v. Trusedale*, No. 1893 EDA 2017, 2018 WL 2929107, at *1 (Pa.Super. filed June 12, 2018) (unpublished mem.) (citation omitted).

Trusedale was charged at separate dockets for each victim. In July 2012, he entered a negotiated guilty plea at one docket to robbery and aggravated indecent assault,[1] and a non-negotiated guilty plea at the other to rape, involuntary deviate sexual intercourse, unlawful restraint, and unlawful contact with a minor.[2]

The court sentenced him in January 2013 pursuant to the negotiated plea to three and a half to seven years' incarceration. For the open plea, it imposed to 35 to 70 years' incarceration. The court also found Trusedale in violation of his probation ("VOP") in three other cases and imposed a total VOP sentence of 15 to 30 years' incarceration for the VOPs. All sentences were

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(v) and 3125(a)(1), respectively.

[2] 18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(2), 2902(a)(1), and 6318(a)(1), respectively.

ordered to run consecutively. Trusdale's aggregate sentence was 53½ to 107 years' incarceration.

Trusedale appealed the judgment of sentence entered on the open plea, and this Court affirmed in May 2014. *See Commonwealth v. Trusedale*, No. 1593 EDA 2013, 2014 WL 10936943, at *1 (Pa.Super. filed May 22, 2014) (unpublished mem.).[3] Trusedale did not to seek allowance of appeal in the Pennsylvania Supreme Court.

On February 22, 2023, Trusedale filed the instant PCRA petition, his third. The court appointed counsel, who filed an amended petition, and the court issued a Rule 907 notice of its intent to dismiss the petition. *See* Pa.R.Crim.P. 907(1). On April 8, 2024, the court denied the petition as untimely. This appeal followed.

Trusedale raises the following issues:

A. Did the PCRA [c]ourt err in dismissing the PCRA petition as untimely, as [Trusedale] satisfied a time-bar exception where, upon discovering through reasonable due diligence that direct appellate counsel failed to file a petition for allowance of appeal during direct appeal, [Trusedale] immediately filed the instant PCRA petition?

B. The PCRA [c]ourt erred in dismissing the PCRA petition as direct appellate counsel failed to file a petition for allowance of appeal, as [Trusedale] asserts he wanted. Appellate counsel abandoned appellant and failure to file the petition for allowance of appeal was ineffective assistance of counsel where prejudice to [Trusedale] is presumed?

---

[3] Trusedale did not appeal his judgment of sentence entered on the negotiated plea.

Trusedale's Br. at 5.

On appeal from the denial or grant of relief under the PCRA, our review is limited to determining "whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Presley*, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

Any petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date on which the judgment of sentence becomes final, unless the petitioner pleads and proves an exception to the one-year bar. 42 Pa.C.S.A. § 9545(b)(1). For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3).

Courts may consider a PCRA petition filed after the one-year deadline only if the petitioner pleads and proves at least one of the three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

> provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). Any petition attempting to invoke an exception "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2).

Here, Trusedale concedes that his instant PCRA petition was facially untimely. *See* Trusedale's Br. at 15. However, Trusedale asserts that he satisfied the newly discovered facts exception to the PCRA's time-bar. *Id*. To succeed in raising that exception, a petitioner must establish that: (1) "the facts upon which the claim is predicated were unknown," and (2) the facts "could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). "[T]he due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." *Commonwealth v. Shiloh*, 170 A.3d 553, 558 (Pa.Super. 2017) (citation omitted). Due diligence "does not require perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances to uncover facts that may support a claim for collateral relief." *Commonwealth v. Brensinger*, 218 A.3d 440, 449 (Pa.Super. 2019) (*en banc*) (citation and internal quotation marks omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015).

Trusedale argues that he was unaware that direct appellate counsel failed to file a petition for allowance of appeal in the Pennsylvania Supreme

Court. Trusedale's Br. at 13. He contends that he wanted a petition for allowance of appeal to be filed and did not realize counsel did not file one until February 13, 2023. *Id.* at 12. He claims that, on that date, a legal assistant from the prison law library explained to him that a petition for allowance of appeal had not been filed. *Id.* at 13. Trusedale emphasizes that he filed the instant PCRA petition on February 22, 2023 — nine days after allegedly learning about this information. *Id.* He argues that "direct appellate counsel abandoned [him] by failing to file a petition for allowance of appeal when appellant wanted one filed" and this amounted to "*per se* ineffective assistance of counsel" where "prejudice is presumed." *Id.*

Trusedale acknowledges that the fact that a petition for allowance of appeal was not filed was referenced by a court in a civil litigation filing that stated Trusedale "'did not seek allowance of appeal in the Pennsylvania Supreme Court.'" *Id.* at 15-16 (quoting Memorandum Sur Order to Show Cause, **Tru**[**se**]**dale v. Marsh**, Civil Action No. 19-2296 (E.D. Pa., filed 9/12/19)). However, he argues that "the reference in the 2019 civil litigation was very brief," it "did not register with [him]," and "[a]n unsophisticated appellant should be held to a lower standard than one who is trained in the law." *Id.* at 16. He argues that he "was not practically aware of [counsel's failure to file a petition for allowance of appeal] until February 2023." *Id.* Trusedale argues that, at the very least, he is entitled to an evidentiary hearing to determine the factual issue of whether "he wanted and expected direct appellate counsel to file a petition for allowance of appeal" and whether

he was "sufficiently diligent in discovering the fact that *allocatur* was not filed[.]" ***Id.*** at 17, 26.

This Court has held that the failure of counsel "to file a timely petition for allowance of appeal could be considered a newly [] discovered fact for purposes of section 9545(b)(1)(ii)." ***Commonwealth v. Williamson***, 21 A.3d 236, 242 (Pa.Super. 2011). Thus, Trusedale's argument that his direct appellate counsel effectively abandoned him by failing to file a petition for allowance of appeal constitutes a "newly discovered fact" under section 9545(b)(1)(ii). However, although this Court has concluded that allegations regarding the failure of counsel to file a petition of allowance of appeal with our Supreme Court fall within the ambit of section 9545(b)(1)(ii), we have nevertheless confirmed that petitioners still must comply with the timeliness requirements of section 9545(b)(2). ***Id.*** Pursuant to section 9545(b)(2), Trusedale had one year in which to raise his newly discovered fact claim.

Trusedale alleges that he was unaware that direct appellate counsel did not file a petition for allowance of appeal until February 13, 2023. He explains:

> [Trusedale] discovered this fact . . . on or about February 13, 2023, when because of an unrelated matter a friend sent a copy of [Trusedale's] docket to him through the inmate mailing system. While reviewing the [d]ocket [e]ntries, [Trusedale] noticed that there was no entry in regard to counsel petitioning the court for permission to withdraw prior to him informing [Trusedale] that he no longer represented him.

Amended PCRA Petition, filed 10/8/23, at ¶ 15 (quoting *Pro Se* Second or Subsequent Petition for Post-Conviction Relief, filed 2/22/23, at 8

(unpaginated)). Trusedale argues that "appellate counsel abandoned him" and "[h]e became aware of this abandonment through the help of a 'Legal Aide' at the prison's law library, who explained the aforementioned docket sheet to him." *Id.* at ¶ 16.

In finding that Trusedale's claim was time-barred, the PCRA court opined:

> With respect to [the open plea], [Trusedale's judgment of] sentence became final on or about June 22, 2014, when the time to file for *allocatur* expired. The instant petition was not filed until February 22, 2023, more than 8 years later. With respect to [the negotiated plea], [Trusedale's judgment of] sentence became final on or about February 4, 2013, when the time to file a direct appeal to the Superior Court expired. The instant petition was filed just over 10 years later. [Trusedale] attempts to claim the newly discovered facts exception, asserting that he was not aware that his original appellate counsel did not file for *allocatur* until February 13, 2023. This claim does not implicate [the negotiated plea], as [Trusedale] never filed a direct appeal on that docket. [Trusedale] asserts that he exercised due diligence in discovering this information; however, he also acknowledges that in a 2019 civil litigation filing he stated that he did not file for *allocatur*. **See** Amended Petition, 10/8/2023 at[,] 8. [Trusedale] argues that despite his 2019 filing, he was not "practically" aware that appellate counsel did not file for *allocatur* until 2023, and that because he was incarcerated and proceeding *pro se*, he should be held to a lower standard pursuant to **Commonwealth v. Burton**. **See Commonwealth v. Burton**, 158 A.3d 618 (Pa. 2017). However, [Trusedale] was not *pro se* throughout the entirety of the time between 2014 and filing the instant petition. He was represented by counsel for both his direct appeal and his first PCRA petition. Therefore, the lower standard of **Burton** does not apply. [Trusedale's] claim that he was not practically aware that appellate counsel did not file for *allocatur* until 2023, combined with his 2019 civil filing, indicates that he had some awareness that *allocatur*

> was not filed as early as 2019, and thus could have explored the issue at that time.

PCRA Court Opinion, filed 6/10/24, at 4.

The PCRA court did not err. By Trusedale's own admission, although it did not "register" with him, he was aware of counsel's failure to file a petition for allowance of appeal in 2019, but did not file the instant petition until February 2023. Moreover, he has not offered any reason that he could not have learned about this fact before 2019 through the exercise of due diligence, such as by checking the docket, writing to the court, or inquiring to counsel. We agree with the PCRA court that Trusedale failed to offer evidence that, if proven, would meet the due diligence standard. Thus, he is not entitled to relief under the timeliness exception provided in section 9545(b)(1)(ii).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/6/2025