J-S81020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WILLIAM SCOTT BEATTY, JR. :
:
Appellant : No. 1585 MDA 2018

Appeal from the PCRA Order Entered August 31, 2018
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000842-2010

BEFORE: STABILE, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED MAY 09, 2019**

Appellant, William Scott Beatty, Jr., appeals from the Order entered August 31, 2018, dismissing as untimely his third Petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On May 18, 2011, following an open plea of *nolo contendere* to eighty-seven charges, including numerous counts of robbery, burglary, corrupt organizations, and related offenses, the plea court sentenced Appellant to an aggregate 497 to 994 months of incarceration. Appellant did not appeal from the Judgment of Sentence. PCRA Ct. Op., 8/31/18, at 1-2.

Appellant timely filed a first Petition for collateral relief, asserting ineffective assistance of plea counsel. The PCRA court ultimately denied this Petition in June 2015. *Id.* at 2. Appellant appealed, and this Court affirmed.

_____

* Former Justice specially assigned to the Superior Court.

*Commonwealth v. Beatty*, 1256 MDA 2016, unpublished memorandum at 4 (Pa. Super. filed Feb. 5, 2016).

In March 2016, Appellant filed a second Petition for collateral relief. PCRA Ct. Op. at 3. The PCRA court granted relief in part, reinstating Appellant's right to petition the Pennsylvania Supreme Court for allowance of appeal from the denial of his first Petition. PCRA Ct. Order, 7/21/17. The court denied relief in all other respects. *Id.* Appellant appealed, and this Court affirmed. *Commonwealth v. Beatty*, 1298 MDA 2017, unpublished memorandum at 4 (Pa. Super. filed Feb. 23, 2018).[1]

In March 2018, Appellant *pro se* filed a third Petition for collateral relief. In his Petition, Appellant asserted (1) several claims of ineffective assistance of plea counsel; (2) an "umbrella conspiracy" between plea counsel, the prosecuting attorney, and the court; and (3) prosecutorial misconduct. Petition, 3/23/18, at 2-5 (unpaginated). In support of these claims, Appellant averred that he had newly discovered evidence that the Commonwealth had withdrawn "numerous counts from [his] co-defendants['] indictments." *Id.* at 2 (unpaginated). Appellant attached to his Petition a Sentencing Order issued in the case of one of his co-defendants, Vincent John Lighty, which indicates that Lighty entered into a negotiated plea agreement resulting in an aggregate

_____

[1] The PCRA court granted Appellant a stay on his Petition for Allowance of Appeal (PAA) while this Court resolved his prior appeal. In its most recent opinion, the PCRA court suggests the Supreme Court denied the PAA. PCRA Ct. Op. at 3. The record does not support this. *See* Lebanon Cty. Criminal Docket No. CP-38-CR-0000842-2010.

sentence of eleven months to two years less one day. *Id.*, Exh. 1 (Lighty Sentencing Order, 5/9/12). Appellant did not aver when he discovered this evidence. *See generally* Petition.

The PCRA court appointed counsel and thereafter issued notice of its intent to dismiss Appellant's Petition as untimely. Order, 4/3/18, at 2 (unpaginated); Order, 5/4/18. Appellant responded to the court's notice of dismissal, averring that he was unaware, "until recently," of his new evidence. Response, 5/16/18, at 2 (unpaginated). Moreover, according to Appellant, he could not have discovered this evidence previously despite his due diligence. *Id.* at 2-3 (unpaginated).

The PCRA court dismissed Appellant's Petition and issued an Opinion in support of its decision. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement; the court issued no further opinion.

Appellant raises the following issue on appeal:

1. Whether the [PCRA] [c]ourt erred in denying Appellant's PCRA Petition as untimely[.]

Appellant's Br. at 4.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citing *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014)).

We address the timeliness of Appellant's Petition, as it implicates our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. *See* 42 Pa.C.S. § 9545(b)(1). There are three statutory exceptions. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition, Section 9545(b)(2) requires that any PCRA petition invoking one of the statutory exceptions to the time requirements of the PCRA "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S § 9545(b)(2); *see Commonwealth v. Williamson*, 21 A.3d 236, 241 (Pa. Super. 2011).[2]

Appellant concedes that he filed his Petition past the one-year period required by the PCRA but asserts that he is entitled to rely on the newly discovered facts exception under Section 9545(b)(1)(ii). Appellant's Br. at 10-11.[3]

_____

[2] Effective December 24, 2018, Section 9545(b)(2) now provides that, for claims arising on December 24, 2017, or after, "[a]ny petition invoking an exception . . . shall be filed within one year of the date the claim could have been presented." Appellant's claim arose in July 2014, *see infra*, and thus the amended statute does not apply.

[3] Appellant's Petition is patently untimely. His Judgment of Sentence became final on June 17, 2011, when the thirty-day period for filing a direct appeal expired. *See* 42 Pa.C.S. § 9545(b)(3) (providing that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking review). Appellant filed his filed Petition on March 23, 2018, nearly six years late.

This exception affords the PCRA court jurisdiction where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]"  42 Pa.C.S. § 9545(b)(1)(ii).  "Due diligence demands the petitioner to take reasonable steps to protect [his] own interests."  *Commonwealth v. Shiloh*, 170 A.3d 553, 558 (Pa. Super. 2017) (citation omitted).  It requires "neither perfect vigilance nor punctilious care" but does require "reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief."  *Commonwealth v. Smith*, 194 A.3d 126, 134 (Pa. Super. 2018) (citation omitted); *Shiloh*, *supra* at 558.

On its face, the record reveals that Appellant did not diligently seek details of co-defendant Lighty's plea agreement.  At an evidentiary hearing conducted in July 2014 in response to his first PCRA Petition, testimony established that Appellant had learned that Lighty agreed to testify against Appellant and that Lighty was cooperating with the Commonwealth in exchange for the dismissal of certain charges against him.  Indeed, these facts formed the basis of Appellant's claim that plea counsel was ineffective.  *See* N.T., 7/29/14, at 26-27 (Appellant's testimony, asserting that he was unable to make an informed decision regarding whether to go to trial or enter a plea because he was not informed by counsel that "certain counts were being dropped" against his co-defendants in exchange for their cooperation); 86 (Appellant's cross-examination of plea counsel, challenging counsel's

assertion that he was not aware of the full details of co-defendants' agreement with the Commonwealth).

Because Appellant was aware of Lighty's cooperation with the Commonwealth in July 2014, reasonable efforts by Appellant or his PCRA counsel would have revealed the Lighty Sentencing Order, which issued in May 2012, more than two years **prior** to Appellant's first PCRA evidentiary hearing. Thus, Appellant cannot establish in this PCRA Petition the newly discovered facts exception under 42 Pa.C.S. § 9545(b)(1)(ii). **Compare Smith**, **supra** at 134 (concluding that petitioner's lack of due diligence was apparent on the face of the record, where petitioner knew of potential witness years before securing an affidavit from him); **with Shiloh**, **supra** at 559-60 (remanding for an evidentiary hearing to ascertain petitioner's diligence, where it was unclear if petitioner had reason to investigate whether a cooperating witness for the Commonwealth had lied about receiving a plea agreement).

In addition, Appellant suggests that he "recently" learned the details of co-defendant Lighty's negotiated plea agreement. **Id.** at 11. However, Appellant has not explained with specificity how and when he learned these details. **See generally** Petition; Response; Appellant's Br. Thus, Appellant failed to invoke properly the jurisdiction of the PCRA court. **See** 42 Pa.C.S § 9545(b)(2); **Williamson**, **supra** at 242-43 (concluding that the PCRA court was without jurisdiction to consider merits of petitioner's untimely claims, where petitioner delayed acting upon new facts for nearly a year, well beyond the sixty-day grace period).

For these reasons, we discern no error in the PCRA court's dismissal of Appellant's Petition as untimely. *Jarosz*, *supra* at 350.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/09/2019