J-S26028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ULYSSES S. DIAZ | : | |
| | : | |
| Appellant | : | No. 1357 WDA 2019 |

Appeal from the PCRA Order Entered August 12, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000652-2010

BEFORE:   MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED SEPTEMBER 01, 2020**

Ulysses S. Diaz appeals *pro* se from the order dismissing his second petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We vacate and remand.

This case stems from Diaz's 2010 conviction for attempted robbery and related offenses. After a jury convicted Diaz, the trial court sentenced him to 84 to 168 months' incarceration on November 12, 2010, and this Court affirmed the judgment of sentence. **Commonwealth v. Diaz**, 37 A.3d 1233 (Pa.Super. 2011) (unpublished memorandum). Thereafter, Diaz filed a PCRA petition and was granted the reinstatement of his right to file a petition of allowance of appeal with the Pennsylvania Supreme Court. Thus, on May 23, 2013, Diaz filed a counseled petition for allowance of appeal with our Supreme

_____

[*] Retired Senior Judge assigned to the Superior Court.

Court, which that Court denied on September 17, 2013. **Commonwealth v. Diaz**, 74 A.3d 1029 (Pa. 2013). Diaz did not seek review with the United States Supreme Court.

Diaz filed a first PCRA petition in January 2015, and the PCRA court appointed counsel, who filed a petition to withdraw and a no-merit letter. Ultimately, the PCRA court granted counsel's petition to withdraw and dismissed Diaz's petition as untimely. Diaz appealed in January 2017 and we affirmed. **See Commonwealth v. Diaz**, 193 WDA 2017 (Pa.Super. filed October 4, 2017) (unpublished judgment order).

Diaz filed the instant *pro se* PCRA petition on July 5, 2019. Diaz contended that his PCRA attorney failed to inform him that this Court had affirmed the dismissal of his first PCRA petition, and he only learned of this Court's ruling in November 2018, after he wrote to this Court to inquire about his case. He contended that counsel thus deprived him of the opportunity to seek allowance of appeal in the Pennsylvania Supreme Court.

The PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Diaz's petition as untimely, and Diaz filed a timely response. The PCRA court initially dismissed Diaz's petition without reference to his response but ultimately considered the objections and then issued an order re-dismissing the petition as untimely.

Diaz filed a timely notice of appeal and the PCRA court issued an order requiring Diaz to file a Pa.R.A.P. 1925(b) statement within 21 days. The order was entered on September 10, 2019, giving Diaz until October 1, 2019, to file

a timely statement. The PCRA court issued an order, on October 11, 2019, concluding Diaz had waived all issues on appeal by failing to file a timely Rule 1925(b) statement.

Diaz raises the following issues:

1. Whether [Diaz] filed with the lower court a timely Pa.R.A.P. 1925(b) statement?

2. Whether [Diaz] provided the lower court with sufficient evidence to invoke subsection 9545 (b)(1)(ii), i.e., the newly discovered facts exception under 42 Pa.C.S.A. §[§] 9541-9546, i.e., the Post Conviction Relief Act (PCRA) statute?

Diaz's Br. at 4.

When reviewing the denial or grant of relief under the PCRA, "[w]e must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa.Super. 2018) (citation omitted).

In his first issue, Diaz contends that the trial court erred by concluding he failed to file a timely Rule 1925(b) statement. Issues not included in a court-ordered timely Pa.R.A.P. 1925(b) statement are waived. **See** Pa.R.A.P. 1925(b)(4)(vii). However, under the prison mailbox rule, courts "deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing." **Commonwealth v. Crawford,** 17 A.3d 1279, 1281 (Pa.Super. 2011). Further, "while the prisoner mailbox rule uses the term 'filed,' the document must at least be addressed to a proper filing office within the Unified Judicial System in order to complete the filing." **Id.** at 1282.

Here, the PCRA court's order required Diaz to file a Rule 1925(b) statement by October 1, 2019. Diaz gave a Rule 1925(b) statement to prison authorities for mailing on September 30, 2019, as evidenced by the date on his statement and the date listed on his Department of Corrections "cash slip." Further, the certified record includes the envelope Diaz used to mail his Rule 1925(b) statement, and it was properly addressed to the clerk of courts and judge's chambers, but bears a post mark of October 4, 2019. However, the lower court clerk did not docket Diaz's Rule 1925(b) statement until October 15, 2019, thus prompting the lower court to incorrectly conclude that Diaz had not filed a timely Rule 1925(b) statement. We thus agree with Diaz that he filed a timely Rule 1925(b) statement, pursuant to the prisoner mailbox rule. *See Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa.Super. 2007).

Next, we turn to Diaz's contention that the trial court erred by dismissing his PCRA petition as untimely. A petitioner has one year after the judgment of sentence becomes final to file a PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

When a petitioner files a PCRA petition after that deadline, the petitioner bears the burden of pleading and proving at least one of the PCRA's time-bar exceptions. These exceptions are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Any petition attempting to invoke these exceptions "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). This deadline increased from 60 days to one year, effective December 24, 2018. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 3. The new, extended deadline applies to claims arising on or after December 24, 2017. **Id.**

In this case, Diaz's judgment of sentence became final on December 16, 2013, when the time to file a petition for a writ of *certiorari* with the United States Supreme Court expired. U.S. Sup. Ct. Rule 13. Therefore, the one-year deadline expired on December 16, 2014 and the instant petition, which Diaz filed in July 2019, is facially untimely. Accordingly, the PCRA court lacked jurisdiction over the instant petition unless Diaz pleaded and proved at least one of the time-bar exceptions. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Diaz argues that the newly-discovered fact exception under section 9545(b)(1)(ii) renders his petition timely. Diaz's Br. at 10-14. He contends that his PCRA attorney failed to inform him that this Court dismissed his petition on October 4, 2017. Therefore, Diaz avers that he was deprived of the opportunity to file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Diaz's argument that his former PCRA counsel effectively abandoned him constitutes a "newly-discovered fact" under section 9545(b)(1)(ii). **See Commonwealth v. Williamson**, 21 A.3d 236, 242 (Pa.Super. 2011) (holding that "counsel's failure to file a timely petition for allowance of appeal could be considered a newly-discovered fact for purposes of section 9545(b)(1)(ii)").

Further, although this Court has concluded that allegations regarding the failure of PCRA counsel to file a petition of allowance of appeal with our Supreme Court fall within the ambit of section 9545(b)(1)(ii), we have also confirmed that petitioners still must comply with the timeliness requirements of section 9545(b)(2). **Id**. Pursuant to the version of section 9545(b)(2) in effect when Diaz's claim arose, Diaz had one year in which to raise his newly-discovered fact claim. His instant petition, filed in July 2019, was within a year from when Diaz alleges his claim arose in November 2018.

Having concluded that Diaz timely raised the newly-discovered fact exception, we must still consider whether he meets the requirements of that exception. **Commonwealth v. Bennett**, 930 A.2d 1264, 1274 (Pa. 2007). The newly-discovered fact exception requires a petitioner to establish that:

(1) "the facts upon which the claim was predicated were unknown;" and (2) the facts "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1)(ii). "[T]he due diligence inquiry is fact-sensitive and dependent upon the circumstances presented." **Commonwealth v. Burton**, 121 A.3d 1063, 1070 (Pa.Super. 2015) (*en banc*) (footnote omitted). "[D]ue diligence requires neither perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." **Id.** at 1071.

Such a determination requires further fact-finding in this case. **Bennett**, 930 A.2d at 1274. Diaz did not learn that this Court had affirmed the denial of his PCRA petition, and that his counsel had not filed a petition for allowance of appeal, until approximately a year and a half after the fact. We cannot say as a matter of law that his actions did not amount to due diligence under the circumstances. A year and a half is not such an inordinate time to resolve an appeal as to render his not asking about the status of his appeal earlier not duly diligent. Thus, we remand for the PCRA court to conduct an evidentiary hearing to determine whether Diaz exercised due diligence.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/1/2020