J-S42036-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AHMED F. GAD | : | |
| | : | |
| Appellant | : | No. 659 EDA 2020 |

Appeal from the PCRA Order Entered January 2, 2020
in the Court of Common Pleas of Northampton County
Criminal Division at No(s):  CP-48-CR-0003326-2016

BEFORE:  PANELLA, P.J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    Filed: November 25, 2020

Ahmed F. Gad ("Gad") appeals, *pro se*, from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court previously summarized the relevant factual and procedural history as follows:

> [Gad] was arrested in connection with the domestic abuse of Eva Fisher [("Fisher")], his wife.  On March 3, 2017, the Commonwealth filed [N]otice of its intent to introduce evidence of prior crimes, wrong[s], or acts pursuant to Pa.R.E. 404(b)(2).  Relevantly, the Commonwealth sought to introduce evidence relating to [Gad's] prior physical abuse and witness intimidation of his former paramour, Maryam Ezatt [("Ezatt")].  [Gad] filed a [R]esponse in opposition to the introduction of the evidence.  On April 3, 2017, the trial court granted the Commonwealth's request to admit the evidence pursuant to Pa.R.E. 404(b)(2).
>
> [Gad], represented by counsel, [Philip Viglione, Esquire ("Attorney Viglione")], proceeded to a jury trial on June 6, 2017.  At trial, the Commonwealth presented the testimony of Police

Officer Kevin Lillis [("Officer Lillis")], physician's assistant Monika Garcia [("Garcia")], and [Gad's] former paramour, [] Ezatt.[FN]

---

[FN] Although [Fisher] testified against [Gad] at his September 2016[,] preliminary hearing, [Fisher] did not appear at the trial. Officer Lillis testified that neither law enforcement officials nor her family had any contact with her since March of 2017.

---

Specifically, Officer Lillis testified that, on September 12, 2016, [] Fisher approached him requesting assistance in finding a homeless shelter for her to stay in for the night. Officer Lillis observed [] [that] Fisher had a "contusion on the left side of her face along her cheekbone and she had contusions also behind her ear, and her ear was swollen. Also, around her neck as well as a swollen lip." Officer Lillis summoned an ambulance, which transported [] Fisher to the emergency room for treatment. On September 17, 2016, when the officer went to the couple's home to arrest [Gad], [] Fisher answered the door.

[] Garcia testified [that] she treated [] Fisher on September 12, 2016, in the emergency room. She testified [that] Fisher had bruising on the left side of her face, cheek, forehead, and ear. [] Fisher reported [that] she had been assaulted and slapped in the face.

[] Ezatt testified [that] she used to be [Gad's] paramour, and on September 30, 2013, [Gad] hit her in the face and then intimidated her in an attempt to force her not to cooperate with the police. [] Ezatt testified that her relationship with [Gad] ended in 2015; however, [Gad] resumed contact with her in July 2016. In the fall of 2016, [Gad] texted her, indicated he was "in trouble," and said he "needed her help." [] Ezatt testified [that Gad] admitted to her that he had hit his wife and he was pressuring her to drop the charges.

[Gad] testified in his own defense. Specifically, [Gad] testified that he was not at home on September 12, 2016; but rather, he was at work all day. He specifically denied striking his wife or telling her not to appear for court.

At the conclusion of all testimony, the jury convicted [Gad] of [simple assault and harassment, *see* 18 Pa.C.S.A.

§§ 2701(a)(1), 2709(a)(1)], and on July 26, 2017, the trial court sentenced [Gad] to twelve months to twenty-four months in prison for simple assault[,] and a consecutive forty-five days to ninety days in prison for harassment. [Gad] filed a timely [M]otion for reconsideration of sentence, which the trial court denied on August 4, 2017.

*Commonwealth v. Gad*, 190 A.3d 600, 601-02 (Pa. Super. 2018) (citations to record omitted). This Court affirmed Gad's judgment of sentence on June 11, 2018. *See id.* Gad did not seek allowance of appeal in the Supreme Court of Pennsylvania.

On September 26, 2018, Gad, *pro se*, filed a timely PCRA Petition. The PCRA court appointed Tyree A. Blair, Sr., Esquire ("Attorney Blair"), as PCRA counsel for Gad.

At a pre-hearing conference, counsel clarified Gad would pursue six issues regarding trial counsel's alleged ineffectiveness at the PCRA hearing. A PCRA hearing was held on January 2-3, 2019. At the hearing, PCRA counsel withdrew Gad's claim [that] trial counsel was ineffective for failing to oppose the Commonwealth's 404(b) [M]otion. However, counsel raised two additional issues of trial counsel's alleged ineffectiveness. Trial counsel and Gad both testified at the hearing, as well as Gad's former probation officer and [Fisher].

*Commonwealth v. Gad*, 222 A.3d 797 (Pa. Super. 2019) (unpublished memorandum at 4). The PCRA court dismissed Gad's first PCRA Petition on March 11, 2019. Attorney Blair subsequently filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal. Additionally, Attorney Blair sought permission to withdraw as counsel pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988)

(*en banc*).  On October 2, 2019, this Court affirmed the dismissal of Gad's

PCRA Petition, and permitted Attorney Blair to withdraw his appearance.  ***See***

***Gad***, 222 A.3d 797.

On November 18, 2019, Gad, *pro se*, filed the instant PCRA Petition,

raising several claims of ineffective assistance of counsel.[1]  The PCRA court

issued a Pa.R.Crim.P. 907 Notice of its intention to dismiss Gad's Petition

without a hearing.  On January 2, 2020, the PCRA court issued an Order

dismissing Gad's second PCRA Petition.

Gad subsequently filed a *pro se* Motion for an extension of the 30-day

appeal period.  The PCRA court denied Gad's Motion.[2]  Gad filed a *pro se* Notice

_____

[1] In his *pro se* Petition, Gad included three general ineffectiveness claims.  In his remaining claims, Gad specifically named the counsel who represented him at docket No. CP-48-CR-0003404-2017, wherein he was convicted of perjury, solicitation to commit perjury, and witness intimidation, based on false testimony he offered in the instant case, and his attempts to persuade Fisher to commit perjury.

[2] From its January 28, 2020, Order, it appears that the PCRA court interpreted Gad's Motion as a request for an extension of time to file a response to its Rule 907 Notice.

of Appeal on February 5, 2020.[3]  The trial court subsequently ordered Gad to

file a Pa.R.A.P. 1925(b) concise statement, and Gad timely complied.

Gad now raises the following issues for our review:

1) [Were] Attorney Viglione and Attorney Blair ineffective for failing to cross examine … [Ezatt] about her false sexual charges against [Gad] in the state of Florida[,] in which [Gad] got acquittal and more ineffective [*sic*] for not presenting her noterized [*sic*] statement and preventing [Gad] from answering the judge [*sic*] accusations with the fake charges in which he got acquitted in the state of Florida[?]

2) [Were] Attorney Viglione and Attorney Blair ineffective for not presenting the letter from … Fisher to the Governor of Pennsylvania[,] asking for help in her rap [*sic*] case[?]  This letter is with Attorney Viglione in [Gad's] file.

3) [Were] Attorney Viglione and Attorney Blair ineffective for failing to subpoena witnesses [Gad] asked for their testimony[,] [*sic*] like Jason[,] Samantha[,] Amber and David?

4) [Were] Attorney Viglione and Attorney Blair ineffective for failing to present text messages and calls from [Fisher] to [Gad] with exculpatory nature and included threatening to [Gad] from [Fisher] [*sic*]?

5) Was Attorney Blair ineffective for failing to present recorded calls from jail between [Gad] and [Fisher,] also with exculpatory nature[,] especially after the judge allowed him to ask about it in the PCRA hearing…?

_____

[3] The PCRA court concluded that Gad's *pro se* Notice of Appeal, dated January 31, 2020, was timely filed pursuant to the prisoner mailbox rule.  PCRA Court Opinion, 4/21/20, at 1 n.1 (unnumbered); **see also** Pa.R.A.P. 121(f) (providing that "[a] *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing[,] as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.").

Brief for Appellant at 4.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Initially, under the PCRA, any PCRA petition, "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Gad's judgment of sentence became final in July 2018, when the time for petitioning for allowance of appeal with the Pennsylvania Supreme Court expired. *See* Pa.R.A.P. 1113(a). Because Gad did not file the instant Petition until November 2019, it is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* § 9545(b)(2). Additionally, "[t]he PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

Gad raises five challenges to the effectiveness of Attorney Viglione and Attorney Blair, none of which invoke any of the exceptions to the PCRA's timeliness requirement. Gad also fails to acknowledge the untimeliness of his Petition. *See Spotz*, *supra*; *see also Commonwealth v. Williamson*, 21 A.3d 236, 241 n.3 (Pa. Super. 2011) (explaining that a PCRA petitioner's burden "necessarily entails an acknowledgement … that the PCRA petition under review is untimely…." (citation omitted)). Because Gad failed to successfully invoke any of the timeliness exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), we lack jurisdiction to address the merits of his claims. Accordingly, we affirm the Order of the PCRA court dismissing his second PCRA Petition.[4]

Order affirmed.

_____

[4] We further observe that Gad failed to support his argument with citations to the record and relevant case law. *See* Pa.R.A.P. 2119(a) (stating that the argument shall include "such discussion and citation of authorities as are deemed pertinent."); *Commonwealth v. McMullen*, 745 A.2d 683, 689 (Pa. Super. 2000) (stating that "[w]hen the appellant fails to adequately develop his argument, meaningful appellate review is not possible." (citation omitted)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/20