J-S03039-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD D. FLOOD | : | |
| | : | |
| Appellant | : | No. 1322 EDA 2022 |

Appeal from the PCRA Order Entered April 27, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0426351-1989

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED JUNE 13, 2023**

Richard D. Flood ("Flood") appeals *pro se* from the order dismissing his serial petition for relief, filed pursuant to the Post Conviction Relief Act ("PCRA"),[1] as an untimely serial petition.[2]  We affirm.

On Flood's direct appeal, this Court summarized the relevant facts and procedural history as follows:

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] Although Flood titled the instant petition as one seeking *habeas corpus* relief, **see** 42 Pa.C.S.A. §§ 6501-6505, he also cited the sections of the PCRA in the petition.  "It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief . . .  [and i]ssues that are cognizable under the PCRA must be raised in a timely PCRA petition . . . and cannot be raised in a *habeas corpus* petition."  **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013) (internal citations and footnote omitted).  On appeal, Flood also concedes that he was required to state a time-bar exception to the PCRA.  Therefore, we discern no issue in the PCRA court's decision to regard Flood's petition as a PCRA petition.

[Flood] was charged with first degree murder and possession of an instrument of crime in connection with the shooting death of sixteen-year-old Jose Perez . . ..

* * * *

Two members of the local town watch heard the shots and observed two men running, then stopping, then pushing something into their pockets. One of the men wore a distinctive red and black jacket. . .. [P]olice saw [Flood], emerging from an alley, wearing a distinctive red and black jacket. . .. At a point very close[] to where [Flood] was apprehended, the police discovered a gun which later proved to be the weapon used to kill Perez.

* * * *

[At trial, Flood] . . . claimed . . . he heard gunfire and saw someone running out of an alley, whereupon [Flood] went into the alley and picked up a discarded gun which he intended to sell because he was unemployed. When [Flood] saw the police, he dropped the gun . . . because he was on bail in another criminal matter.

At the conclusion of defense counsel's closing argument, the Commonwealth moved to reopen the trial because the prosecution had acquired additional information which would rebut [Flood's] alibi[:] . . . a statement obtained . . . from Gregory A. Brunson, Jr. . . . that he had purchased [the murder weapon] for [Flood] at [Flood's] behest. . ..

[Flood] and defense counsel then met to discuss the potential impact of this new evidence . . . . The Commonwealth agreed to refrain from seeking the death penalty if [Flood] would plead guilty to the charges. On December 7, 1990, [Flood] entered a guilty plea and submitted to written and oral colloquies after which the trial court accepted his plea and immediately sentenced [Flood] to life imprisonment for the murder charge plus a concurrent [term of] one to two years for the possession of an instrument of crime charge.

[Flood] moved to withdraw his negotiated guilty plea at which point the trial court vacated the sentence pending disposition of [Flood's] petition. On January 10, 1990, [Flood] petitioned the

court for appointment of new counsel. Following a hearing on that date, the trial court denied [Flood's] motion to withdraw his plea and re-imposed sentence.

**Commonwealth v. Flood**, 627 A.2d 1193, 1195-96 (Pa. Super. 1993).

This Court affirmed Flood's judgment of sentence on direct appeal. **See id**. The Supreme Court denied allowance of appeal on February 23, 1994. **See Commonwealth v. Flood**, 641 A.2d 583 (Pa. 1994). Flood subsequently filed five post-conviction petitions. The PCRA court denied all five petitions.

In January 2021, Flood filed the instant petition *pro se*, and in August 2021, he filed a supplemental *habeas corpus* petition. In his petitions, Flood referred to his plea counsel's 1990 motion to withdraw his guilty pleas and alleged, in relevant part, that his issue arose "from [that] legal document that the petitioner presume[d] to be lost or destroyed," by the Department of Corrections ("DOC"), but that the DOC recently found the document and "sent [it] to the petitioner at SCI-Retreat [in] February 2020 before its closing." Petition, 1/22/21, at 5. The PCRA court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, to which Flood submitted responses alleging that he properly pleaded the newly discovered fact exception to the PCRA time bar and that the DOC withheld the document giving rise to his claims. **See** Response, 4/12/22, at 1-2. The court dismissed the petition as untimely in April 2021. Flood timely appealed. The court did not require Flood to comply with Pa.R.A.P. 1925, and he did not do so. The court filed a Rule 1925(a) opinion.

On appeal, Flood presents the following issues for our review:

1. Whether the lower court erred when [it] vacated and annulled [Flood's] sentence[] and didn[']t grant a new trial.

2. Whether the lower court erred when [it] reimposed a[n] invalid and unlawful sentence.

3. Whether there was a manifest injustice that took place in this case.

4. Whether the prosecutor[] committed prosecutorial misconduct, when requested discovery evidence was withheld.

5. Whether there [were] constitutional violations of [Flood's] 6th [and] 14th Amendment rights to a fair trial.

6. Whether [Flood] suffered ineffectiveness of trial counsel[], who induce[d Flood] to plead guilty.

7. Whether [Flood] suffered ineffectiveness of counsel[] to plead guilty to a higher degree of homicide.

8. Whether all previous PCRA counsel[] [were] ineffective.

9. Whether there was governme[n]t interference committed by the Department of Corrections.

Flood's Brief at 4.

Our standard of review of an order dismissing a PCRA petition is well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the

- 4 -

petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

We must initially determine whether the PCRA court had jurisdiction over Flood's petition. Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii).

To establish the governmental interference exception, pursuant to section 9545(b)(1)(i), a petitioner must plead and prove: (1) the failure to previously raise the claim was the result of interference by government officials, and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. **See Commonwealth v. Kennedy**, 266 A.3d 1128, 1135 (Pa. Super. 2021). Section 9545(b)(1)(ii) also provides an exception to the jurisdictional time-bar if "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii).

Due diligence "demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." **Commonwealth v. Medina**, 92 A.3d 1210, 1216 (Pa. Super. 2014) (internal quotations and citations omitted). Any PCRA petition invoking an exception under section 9545(b)(1) "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); **see also Commonwealth v. Williamson**, 21 A.3d 236, 242 (Pa. Super. 2011) (holding that "a petitioner invoking section 9545(b)(1)[ ] must still comply with section 9545(b)(2) by presenting the claim within [one year] of discovering the new fact") (internal citations omitted, emphasis in original).

Here, Flood's judgment of sentence became final on May 24, 1994, ninety days after the February 23, 1994 denial of his petition for Pennsylvania Supreme Court review when his time for filing a petition for writ of *certiorari* expired. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also** U.S. Sup. Ct. R. 13.1. Flood's serial PCRA petition, filed in January 2021, is facially untimely under the PCRA, precluding review of the merits of the issues raised in the petition, absent a time-bar exception. **See Albrecht**, 994 A.2d at 1093.

Flood asserts that the PCRA court failed to acknowledge that he properly pled exceptions to the PCRA time bar. He claims government interference because the DOC officials allegedly withheld his plea counsel's 1990 motion to withdraw his guilty plea, which he did not receive until 2020. **See** Flood's

Brief at 12. Flood also contends that had he possessed that motion he would have filed a timely PCRA challenging the legality of his reimposed sentence. **See id**. at 12-13.

Following our review, we discern no merit to Flood's assertions that he properly pleaded and proved an exception to the PCRA time bar. Flood failed to show due diligence in asserting his claims. He asserts only that he wrote a letter to trial counsel in 1992 seeking a copy of "recent legal material," and waited twenty-eight more years before attempting to seek this motion, which he admits he knew existed. **Id**. at 13-14 & Exhibit E; **see also** Petition, 1/22/21, at 2. That obvious failure to exercise due diligence in attempting to obtain a copy of the motion defeats the claim. **See** 42 Pa.C.S.A. § 9545(b)(2). Finally, Flood's receipt of a document he had known about for twenty-eight years cannot constitute a newly discovered fact. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). For all these reasons, Flood's claim is fatally deficient. The PCRA court properly dismissed Flood's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/13/2023

- 7 -